# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SELINA SOULE, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CONNECTICUT ASSOCIATION OF ) <br> SCHOOLS, INC. *et al*, ) <br> ) <br> Defendants ) <br> ) <br> ANDRAYA YEARWOOD and THANIA ) <br> EDWARDS on behalf of her daughter, T.M., ) <br> ) <br> Proposed Intervenors ) <br> ) <br> . ) | No. 3:20-cv-00201-RNC <br><br> **OPPOSITION TO MOTION** <br> **TO EXPEDITE** <br><br><br><br> February 14, 2020 |

Proposed Intervenors, Andraya Yearwood ("Andraya") and Thania Edwards on behalf of her daughter T.M. ("Terry")[1] submit the following opposition to Plaintiffs' Motion to Expedite, ECF 15.  Absent an order pursuant to Federal Rule of Civil Procedure 19(a)(2) joining Proposed Intervenors as necessary parties, Proposed Intervenors intend to file a Motion to Intervene pursuant to Federal Rule of Civil Procedure 24 on or before February 21, 2020.

For the following reasons, the Court should deny Plaintiffs' Motion to Expedite and stay briefing on Plaintiffs' Motion for a Preliminary Injunction, ECF 12, until the Court can rule on whether Proposed Intervenors should be joined as parties so that they can fully participate in the scheduling process.

---

[1] In violation of Federal Rule of Civil Procedure 5.2, Plaintiffs' Compliant references T.M. by name even though she is a minor. Since her privacy has been compromised, T.M. will use her first name in opposition papers.

1

**BACKGROUND**

As will be discussed in their forthcoming Motion to Intervene, Andraya and Terry are girls who are transgender, which means that they were assigned a male sex at birth but have a female gender identity.  With the help of their medical providers, they transitioned to living as female in accordance with their female gender identity. Andraya has legally changed her name and lives all aspects of her life as a girl. Terry has updated her Connecticut birth certificate and lives all aspects of her life as a girl.  Both girls are currently receiving hormone therapy as treatment for gender dysphoria, and they both hormone levels, including testosterone levels, circulating in their bodies that are typical for non-transgender girls.  They are recognized as girls by their parents, teachers, teammates, coaches, and community.

Andraya and Terry also love to run.  Like the rest of their teammates, they spend a significant amount of time training. During the season they each train between four and five hours per day, five days per week. They participate in track for the same reasons as their non-transgender peers: it creates lasting social and emotional relationships, they invest physical and emotional energy, they experience the opportunity to compete and engage with their peers. Like their teammates and other athletes in Connecticut and beyond, they value participation and not an expectation of winning.  Notably, some of the Plaintiffs in this case have placed ahead of them in 100, 200 and 400 meter races. Every day, like their peers, they do their best.  "I am lucky to live in a state that protects my rights and to have a family that supports me," Andraya explained a year ago. "This is what keeps me going. Every day I train hard — I work hard to succeed on the track, to support my teammates, and to make my community proud."[2]

---

[2] https://www.courant.com/sports/high-schools/hc-sp-transgender-policy-runners-respond-20190619-20190620-5x2c7s2f5jb6dnw2dwpftiw6ru-story.html

Now, on the cusp of their final season of track and field, Andraya and Terry have been blindsided by Plaintiffs' last-minute request for a court order to kick them off their team, where they enjoy the support of their teammates, and prevent them from continuing to participate in the sport they love.  Plaintiffs have filed a Complaint, ECF 1, and Motion for Preliminary Injunction, ECF12, asking this Court to bar Andraya and Terry from participating in the 2020 spring track and field season.  As will be discussed in the forthcoming Motion to Intervene and accompanying pleading, Andraya and Terry strongly dispute Plaintiffs' legal claims and the misleading factual assertions underlying them.

Throughout their court papers, Plaintiffs repeatedly refer to Andraya and Terry by name and identify Andraya and Terry as the source of Plaintiffs' alleged irreparable injury.  *See, e.g.*, Compl. ¶¶ 14-15, 76-77, 80-104, 130-37, 142, 145-46.  Based on these allegations, Andraya and Terry are indispensable parties to this proceeding and should have been joined pursuant to Federal Rule of Civil Procedure 19. Fed. R. Civ. P. 19(a)(1)(B)(i) ("*Required Party*.  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest.").  As the Supreme Court has explained, "a party seeking a judgment binding on another cannot obligate that person to intervene; he must be joined." *Martin v. Wilks*, 490 U.S. 755, 763 (1989), *superseded in part on other grounds* 42 U.S.C. § 2000e–2(n)(1); *see Briscoe v. City of New Haven*, 654 F.3d 200, 204 (2d Cir. 2011). But in violation of Rule 19(c), Plaintiffs never identified Andraya and Terry as required parties or gave any explanation for their failure to join

them. Plaintiffs did not serve Andraya and Terry with their court filings or request their consent before filing their motion to expedite.

As noted above, absent an order pursuant to Federal Rule of Civil Procedure 19(a)(2) joining Proposed Intervenors as necessary parties, Proposed Intervenors intend to file a Motion to Intervene pursuant to Federal Rule of Civil Procedure 24 on or before February 21, 2020.

## ARGUMENT

Plaintiffs' Motion to Expedite, ECF 15, should be denied. Plaintiffs should not be allowed to file a lawsuit whose core purpose is to exclude Andraya and Terry from the spring track meets, but then prevent them from participating in the lawsuit by not naming them as parties and by expediting the briefing and consideration of the Motion for Preliminary Injunction before the Court has an opportunity to hear or rule upon their Motion to Intervene.

Under this Court's local rules, "[a] party may request expedited consideration by the Court of a motion by designating the motion as one seeking 'emergency' relief and demonstrating good cause in the motion." Local Rule 7(a)(6).  The only alleged "emergency" here is an emergency Plaintiffs created by waiting until the last minute to file their preliminary injunction motion. Plaintiffs have been loudly and publicly complaining about Andraya and Terry since at least 2018. Compl. ¶ 119.[3]  They retained Alliance Defending Freedom as counsel and filed an administrative complaint with the Department of Education on June 18, 2019. Compl. ¶ 120. Plaintiffs could have filed this lawsuit, and their motion for preliminary injunction, last June or at any time since then.  Plaintiffs do not even attempt to offer "good cause" for waiting until February 2020 and then asking for expedited consideration to resolve an

---

[3] *See also* https://www.courant.com/sports/high-schools/hc-sp-hs-transgender-high-school-athletes-0520-story.html.

emergency of their own creation. *See Miller v. Miller*, No. 3:18-CV-01067 (JCH), 2018 WL 3574867, at *4 (D. Conn. July 25, 2018) ("[M]onths-long delays in seeking preliminary injunctions have repeatedly been held by courts in the Second Circuit to undercut the sense of urgency accompanying a motion for preliminary relief."); *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) ("Although a particular period of delay may not rise to the level of laches and thereby bar a permanent injunction, it may still indicate an absence of the kind of irreparable harm required to support a preliminary injunction.").

      Plaintiffs' last-minute request also severely prejudices Andraya and Terry, who must now scramble to file a Motion to Intervene in this litigation and respond to a Motion for Preliminary Injunction that Plaintiffs spent months, if not years, developing.  Once Andraya and Terry are joined as parties, they intend to move for an extension of time to respond to the Motion for Preliminary Injunction pursuant to Local Rule 7(b). Even if Andraya and Terry had been parties to the litigation from the outset, they would have had only 21 days to respond the Plaintiffs' legal assertions, secure declarations from fact witnesses, and retain an expert witness to respond to the expert testimony Plaintiffs have submitted as part of their motion. *See* Local Rule 7(a)(2). Plaintiffs' Motion to Expedite would prejudice Andraya and Terry even further by shortening their response time to just two weeks, ECF No. 15-1 at 2, which would be before Andraya and Terry would even know whether they were allowed to intervene as parties.

      Plaintiffs should not be able to deny Andraya and Terry their day in court by filing a surprise lawsuit and railroading through a motion for preliminary injunction before Andraya and Terry are even made parties to the proceedings.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's Motion to Expedite and stay briefing on Plaintiffs' Motion for a Preliminary Injunction, ECF 12, until Proposed Intervenors are joined as parties and can fully participate in the scheduling process.

    /s/ Dan Barrett
Dan Barrett (# ct29816)
ACLU Foundation of Connecticut
765 Asylum Avenue, 1st Floor
Hartford, CT 06105
(860) 471-8471
e-filings@acluct.org

Chase Strangio*
Joshua A. Block*
Lindsey Kaley*
James D. Esseks*
Galen Sherwin*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
cstrangio@aclu.org
jblock@aclu.org
lkaley@aclu.org
jesseks@aclu.org
gsherwin@aclu.org

*Pro hac vice motion to follow