UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SELINA SOULE, a minor, by Bianca Stanescu, her mother; CHELSEA MITCHELL, a minor, by Christina Mitchell, her mother; ALANNA SMITH, a minor, by Cheryl Radachowsky, her mother,<br><br>*Plaintiffs,*<br><br>v.<br><br>CONNECTICUT ASSOCIATION OF SCHOOLS d/b/a CONNECTICUT INTERSCHOLASTIC ATHLETIC CONFERENCE; BLOOMFIELD PUBLIC SCHOOLS BOARD OF EDUCATION; CROMWELL PUBLIC SCHOOLS BOARD OF EDUCATION; GLASTONBURY PUBLIC SCHOOLS BOARD OF EDUCATION; CANTON PUBLIC SCHOOLS BOARD OF EDUCATION; DANBURY PUBLIC SCHOOLS BOARD OF EDUCATION,<br><br>*Defendants.* | Case No.: 3:20-cv-00201<br><br><br><br>**MEMORANDUM IN REPLY TO FILING OF NON-PARTIES ANDRAYA YEARWOOD AND TERRY MILLER**[1]<br><br><br>Dated: February 18, 2020 |

The opposition to Plaintiff's Motion for Expedited Order to Show Cause Hearing filed by non-parties Andraya Yearwood and Terry Miller would be better entitled a "Motion to Delay." These individuals have not filed a motion to intervene and are not qualified to participate in the case under Fed. R. Civ. P. 19. Instead of filing a motion to intervene, they attempt to slow the clock by merely promising to do so by February 21, and then tell us that if they are permitted to

---

[1] The suggestion that Plaintiffs have "compromised" the privacy of Andraya and Terry is not serious. All the events described in the Complaint, and the full names of Andraya and Terry, have been in local and national news repeatedly, for many months, in addition to being posted in public websites reflecting results in CIAC races. Andraya and Terry have repeatedly spoken directly to the press about these events, sat for formal television interviews, and have permitted news cameras to follow them around at meets. See, among many other examples, the February 15, 2020, Hartford Courant front-page story that includes both of their names and photographs and discusses their transgender status. There is no privacy here to be "compromised."

1

intervene, their first step will be to "move for an extension of time to respond." ("Opposition to Motion to Expedite," ECF 20, at 5.) Be that as it may, their filing is based on inaccurate descriptions of the law and of the history preceding Plaintiffs' filing.

Yearwood and Miller assert that they "should have been joined" as parties, and suggest that Plaintiffs have pulled a tactical trick by failing to name them as defendants. On the contrary, Plaintiffs could not name them as defendants. Plaintiffs assert only claims under Title IX. Title IX regulates only the conduct of institutions that receive federal funds; individuals never have obligations under Title IX and are never proper defendants in Title IX actions. *Hendrichsen v. Ball State Univ.*, 107 Fed.Appx. 680, 684 (7th Cir. 2004) ("only a 'grant recipient,' not an individual, may be sued under Title IX"). Further, Plaintiffs do not accuse Yearwood and Miller of any misconduct.

Notably, while there are a great many reported Title IX decisions on the books, Yearwood and Miller cite not a single case in which students whose interests or wishes would be adversely impacted by the requested relief were joined as parties, necessary or otherwise. And yet such collateral impact is often in view. In *McCormick v. School District of Mamaroneck*, 370 F.3d 275 (2d Cir. 2004), for example, options for remediation suggested by the Second Circuit included "moving boys' soccer to the spring" or relegating boys to spring soccer in "alternating years"—both "solutions" which would deprive boys of the very opportunities for championship competition which the Court found to be so important for girls. *Id.* at 297, 302. The Second Circuit also expressly noted that many female athletes in the district reported that the change in schedule sought by the plaintiffs would *harm* their athletic opportunities and was contrary to their wishes. *McCormick*, 370 F.3d at 282. Yet the Second Circuit suggested no need for either the boys or the girls who would be negatively impacted to be represented in that litigation—nor

2

any procedural mechanism by which they could be. Title IX represents a Congressional policy choice to ensure equal opportunities for women and girls in education and athletics; the desire of Yearwood and Miller to race against girls simply does not make them required or even appropriate parties in an action to enforce the strict requirements of Title IX.

The two cases Yearwood and Miller cite to support their role as "required parties" (ECF 20 at 3) in fact provide no such support. On the contrary, both cases merely hold that a non-party indirectly impacted by a judgment in a Title VII action, who was not joined in that litigation, is not precluded from bringing a separate action asserting that the conduct of the defendant in implementing that judgment (or consent decree) itself created a violation of the non-party's rights. *Martin v. Wilks*, 490 U.S. 755, 763-65 (1989); *Briscoe v. City of New Haven*, 654 F.3d 200, 203-04 (2d Cir. 2011). They do not hold that a Title IX plaintiff must or even can join individuals pursuant to Fed. R. Civ. Pro. 19.

Since Yearwood and Miller are not properly part of this case, their complaint that they have been "blindsided" (ECF 20 at 3) is irrelevant. It is also fiction. As detailed in Plaintiffs' memorandum in support of their motion for preliminary injunction, the CIAC and Defendant Schools—the proper defendants—have been on notice of all the substance of Plaintiffs' claims for months. See Complaint ¶¶ 116-124, ECF 1. Yearwood and Miller acknowledge that they, too, are not really surprised or "blindsided," accurately noting that "Plaintiffs have loudly and publicly complained about Andraya and Terry since at least 2018" and "filed an administrative complaint with the Department of Education on June 18, 2019" (a complaint that was immediately made public). ECF 20 at 4.

Finally, their suggestion that Plaintiffs have engineered artificial urgency is false. The Plaintiffs actively sought protection last summer in a forum created by law expressly for the

purpose, by filing a detailed complaint with the U.S. Department of Education Office for Civil Rights (OCR). There was no "delay in seeking enforcement of [Plaintiffs'] rights." But as Plaintiffs Soule's and Mitchell's final spring season neared, it became evident that the steps and pace of the administrative process could not provide a remedy in time to provide them relief. It was the administrative delay in the forum in which Plaintiffs first sought relief—not "a delay in seeking enforcement of [Plaintiffs'] rights," *Miller v. Miller*, 2018 WL 3574867, at *4 (D. Conn. 2018)—that prompted Plaintiffs' petition to this Court for injunctive relief. Plaintiffs are not the first students to encounter this reality of timing and make an urgent switch to the courts to obtain a preliminary injunction under Title IX. *See Barrett v. West Chester Univ.*, 2003 WL 22803477 at *1 (E.D. Pa. 2003) (granting preliminary injunction after plaintiff "withdrew the complaint with OCR because it became apparent than OCR would be unable to act quickly enough to have the team reinstated with sufficient time to prepare for the 2004 season," where "[s]everal of the players are in their final year of school and would be denied their last opportunity to compete.").

As elaborated in Plaintiffs' pending motion, no monetary redress can later compensate for lost championship opportunities. ECF 12-1, at 27-28; *see also Lewis v. Rahman*, 147 F.Supp.2d 225, 237 (S.D.N.Y. 2001) (the value of a championship opportunity "cannot be measured or compensated for in money damages"). For the reasons set forth above, the request of non-parties Yearwood and Miller that this Court slow-walk Plaintiff's emergency motion to show cause while the 2020 spring track season sprints to its finish should be rejected.

4

Respectfully submitted this 18th day of February, 2020.

By: s/ *Howard M. Wood II*

Howard M. Wood III
CT Bar No. 68780, CT Fed. Bar No. 08758
James H. Howard
CT Bar No. 309198, CT Fed. Bar No. 07418
FIORENTINO, HOWARD & PETRONE, P.C.
773 Main Street
Manchester, CT 06040
Telephone: (860) 643-1136
Fax: (860) 643-5773
Email: howard.wood@pfwlaw.com
Email: james.howard@pfwlaw.com

Roger G. Brooks
CT Fed. Bar No. PHV10498
Jeffrey A. Shafer
CT Fed. Bar No. PHV10495
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Fax: (480) 444-0028
Email: rbrooks@ADFlegal.org
Email: jshafer@ADFlegal.org

Kristen K. Waggoner
CT Fed. Bar No. PHV10500
Christiana M. Holcomb
CT Fed. Bar No. PHV10493
Alliance Defending Freedom
440 First St. NW, Suite 600
Washington, D.C. 20001
Telephone: (202) 393-8690
Fax: (202) 347-3622
Email: kwaggoner@ADFlegal.org
Email: cholcomb@ADFlegal.org

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2020 a copy of the foregoing Memorandum In Reply was electronically filed and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronics Filings. Parties may access this filing through the Court's CM/ECF system.

/s/ James H. Howard

James H. Howard
Fiorentino Howard & Petrone, P.C.
773 Main Street
Manchester, CT  06040
Telephone: 860) 643-1136
Facsimile (860) 643-5773
Federal Bar No. ct07418
Jim.howard@pfwlaw.com