# Exhibit 3
Fed. R. Civ. P. 24(c) Pleading
Setting Out Defense for Which Intervention is Sought

## ANSWER TO ALLEGATIONS IN COMPLAINT

1. Admitted that Plaintiffs are three high school girls who compete in interscholastic girls' track and field in Connecticut. Intervenors lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations.

2. Denied.

3. Denied.

4. Denied.

5. Admitted that the quoted portions of *McCormick ex rel. McCormick v. Sch. Dist. of Mamaroneck*, 370 F.3d 275, 295 (2d Cir. 2004) are accurately reproduced. The remaining allegations are denied.

6. Admitted that this Court has subject matter jurisdiction over claims brought pursuant to Title IX, 20 U.S.C. § 1681. The remainder of the paragraph is denied.

7. Admitted that this Court has subject matter over claims raising questions of federal or vindicated federal civil rights pursuant to 28 U.S.C. §§ 1331, 1343(a). The remainder of the paragraph is denied.

8. Admitted that this Court has power to award declaratory relief and other relief pursuant to 28 U.S.C. §§ 2201, 2202. Denied that Plaintiffs have standing to seek such relief in this case.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

14. Denied that T.M. is male. The remainder of the paragraph is admitted.

15. Denied that Andraya Yearwood is male. The remainder of the paragraph is admitted.

16. Denied that the CIAC policy is discriminatory. Intervenors lack sufficient knowledge or information to form a belief about the truth of the remaining allegations.

17. Denied that the CIAC policy is discriminatory. Intervenors lack sufficient knowledge or information to form a belief about the truth of the remaining allegations.

18. Denied that the CIAC policy is discriminatory. Intervenors lack sufficient knowledge or information to form a belief about the truth of the remaining allegations.

19. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

20. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

21. The allegations in the first sentence are admitted. Intervenors lack sufficient knowledge or information to form a belief about the truth of the remaining allegations.

22. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

23. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

24. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

25. Denied.

26. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

27. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

28. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

29. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

30. Admitted that Congress enacted Title IX, 20 U.S.C. § 1681, in 1972 and that the quoted portion of the statute is accurately reproduced.

31. Admitted that the quoted portions of *Neal v. Bd. of Trs. of Cal. State Univs.*, 198 F.3d 763, 766 (9th Cir. 1999) are accurately reproduced. Admitted that one of the purposes of Title IX was to eliminate discrimination against women in education.

32. Admitted that the quoted portions of 118 Cong. Rec. 5808 (1972) are accurately reproduced.

33. Admitted that the quoted portions of *Williams v. School District of Bethlehem*, 998 F.2d 168, 175 (3rd Cir. 1993) are accurately reproduced. The remaining allegations are admitted.

34. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence. Admitted that the quoted portions of 34 C.F.R. § 106.41(a) are accurately reproduced. The remaining allegations are denied.

35. Admitted that Congress expressly delegated authority to HEW to promulgate regulations implementing Title IX. Admitted that the regulations and guidance exist where cited. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations concerning the applicability of the Policy Interpretation to high school athletics and the OCR Clarification.

36. Admitted that the quoted portions of 34 C.F.R. § 106.41(c) are accurately reproduced. The remaining allegations are denied.

37. Admitted that the quoted portions of 34 C.F.R. § 106.41(c) and 44 Fed. Reg. 71,413 (1979) are accurately reproduced. The remaining allegations are denied.

38. Admitted that the quoted portions of 34 C.F.R. § 106.41(c) and 44 Fed. Reg. 71,413 (1979) are accurately reproduced. The remaining allegations are denied.

39. Admitted that the quoted portions of the cited documents are accurately reproduced. The remaining allegations are denied.

40. Admitted that the quoted portions of 34 C.F.R. 106.41(b) are accurately reproduced. The remaining allegations are denied.

41. Admitted that the quoted portions of the cited documents are accurately reproduced. The remaining allegations are denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

49. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

50. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

51. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

52. Admitted that Doriane Lambelet Coleman, Martina Navratilova, Sanya Richards-Ross wrote the quoted statement and that it is accurately reproduced. The substance of the statement is denied.

53. Admitted that Coleman made the quoted statement and that it is accurately reproduced. The substance of the statement is denied.

54. Admitted that data in the tables are accurate. The remaining allegations are denied.

55. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence. The remaining allegations are denied.

56. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence. The remaining allegations are denied.

57. Denied that CeCe Telfer is male. Intervenors object to Plaintiffs' references to Ms. Telfer's former name and those allegations are, therefore, denied. Intervenors lack sufficient knowledge or information to form a belief about the truth of the remaining allegations.

58. Intervenors object to Plaintiffs' references to Ms. Telfer's former name and those allegations are, therefore, denied. Intervenors lack sufficient knowledge or information to form a belief about the truth of the remaining allegations.

59. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations

60. Denied.

61. Denied that males, boys, and men are competing in girls' and women's categories. The remaining allegations are also denied. The allegations in the heading III.C. are denied.

62. Denied that males, boys, and men are competing in girls' and women's categories. The remaining allegations are also denied. The allegations in the heading III.C. are denied.

63. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations about unspecified "multiple sources." The allegations in the heading III.C. are denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. The allegations in the paragraph are admitted. The allegations in the heading IV.A. are denied.

69. The allegations in the paragraph are admitted. The allegations in the heading IV.A. are denied.

70. Denied that CIAC policy "allow[s] boys who identify as girls to compete in girls' athletic events." Under the CIAC policy, "the school district shall determine a student's eligibility to participate in a CIAC gender specific sports team based on the gender identification of that student in current school records and daily life activities in the school and community at the time that sports eligibility is determined for a particular season." The school district must "determine[] that the expression of the student's gender identity is bona fide and not for the purpose of gaining an unfair advantage in competitive athletics." The allegations in the heading IV.A. are denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied that Andraya Yearwood and T.M. have "taken . . . women's state championship titles" and "opportunities to participate in higher liver competitions" away "from female track athletes." Denied that allowing girls who are transgender to participate on girls' sports teams has an "adverse impact on girls and young women."

78. The allegations in the paragraph are admitted. The allegations in heading IV.B. are denied.

79. Denied that the cited records reflect "male athletes competing in women's events."

80. Denied that the records cited in Tables 7 and 8 state that Andraya Yearwood's sex is "M."

81. Denied.

82. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations about unspecified "different girls". The allegations in heading IV.B. are denied.

83. Denied.

84. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations from an unspecified source. The allegations in heading IV.B. are denied.

85. Denied.

86. Denied that Andraya "deprived a girl of a statewide title and opportunity to advance to still high levels of competition that she had rightfully earned." Denied that Plaintiff Chelsea Mitchell was denied "the nearly unprecedented opportunity to qualify for the New England Regional Championships" as a fourteen-year old freshman. Plaintiff Chelsea Mitchell placed third in the 2017 CIAC State Open Women's Outdoor Track for the 200-meter dash, and she went on to compete in the 2017 New England Regional Championships for the same event, where she placed second. Andraya placed eighth in the 2017 CIAC State Open Women's Outdoor Track for the 200-meter dash, and she did not qualify for the 2017 New England Regional Championships for the same event. Denied that the records cited in Table 9 state that Andraya Yearwood's sex is "M." The allegations in heading IV.B. are denied.

87. Denied.

88. The allegations in the first sentence are denied. The remaining allegations in the paragraph are admitted. The allegations in heading IV.B. are denied.

89. Denied. Denied that the records cited in Table 10 state that Andraya Yearwood's sex and T.M.'s sex is "M." The allegations in heading IV.B. are denied.

90. Denied that the 2019 State Indoor Open "saw similar results and a similar impact." Denied that Andraya and T.M. "defeat[ed] the fastest girl." Denied that the records cited in Tables 11 and 12 that Andraya Yearwood's sex and T.M.'s sex is "M." The allegations in heading IV.B. are denied.

91. Denied that CIAC's policy was the "but for" cause of other girls' placement. The allegations in heading IV.B. are denied.

92. Denied that CIAC's policy was the "but for" cause of other girls' placement. The allegations in heading IV.B. are denied.

93. Denied that CIAC's policy was the "but for" cause of other girls' placement. The allegations in heading IV.B. are denied.

94. Denied that CIAC's policy was the "but for" cause of other girls' placement. The allegations in heading IV.B. are denied.

95. Denied that only State Open Champions are recognized as All State Athletes. CIAC Class State Champions are also recognized as All State Athletes. Intervenors lack sufficient knowledge or information to form a belief about the truth of the remaining allegations. The allegations in heading IV.B. are denied.

96. Denied that Plaintiff Chelsea Mitchell was denied "accolades and publicity she earned." Intervenors lack sufficient knowledge or information to form a belief about the truth of the remaining allegations. The allegations in heading IV.B. are denied.

97. Denied that T.M. is a male athlete. The remaining allegations in the paragraph are admitted. The allegations in heading IV.B. are denied.

98. Admitted that T.M. placed first in the 200m in 2019 State Outdoor Open. The remaining allegations are denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Intervenors lack sufficient knowledge or information to form a belief about the truth of the placement as to each competitor. Denied as to the characterization of the table. The remaining allegations are denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Intervenors lack sufficient knowledge or information about what Plaintiff Alanna Smith knows to form a belief about the truth of that allegation. Denied that she or anyone else is competing against males. The remaining allegations are denied.

112. Intervenors lack sufficient knowledge or information about the feelings of Plaintiffs to form a belief about the truth of that allegation. Denied that Plaintiffs are competing against male athletes. The remaining allegations are denied.

113. Intervenors lack sufficient knowledge or information about the experiences and feelings of Plaintiffs to form a belief about the truth of those allegations. Denied that Plaintiffs are competing against male athletes. The remaining allegations are denied.

114. The allegations in the first sentence are denied. Admitted that the newspaper quote is accurately reproduced. Intervenors lack sufficient knowledge or information to form a belief about the truth of the substance of the allegations by the unspecified source. The allegations in heading IV.B. are denied.

115. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations. The allegations in heading IV.B. are denied.

116. Admitted that Plaintiffs filed a complaint with the U.S. Department of Education for Civil Rights on June 18, 2019. Denied that the allegations in the complaint are true. All other allegations, including those in heading IV.C., are denied.

117. Denied.

118. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations. The allegations in heading IV.C. are denied.

119. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations. The allegations in heading IV.C. are denied.

120. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations. The allegations in heading IV.C. are denied.

121. Deny that "accurate credit to girls who would have been recognized as victors but for Defendants' violations of Title IX," or that Title IX was violated. Intervenors lack sufficient knowledge or information to form a belief about the truth of the remaining allegations. The allegations in heading IV.C. are denied.

122. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations. The allegations in heading IV.C. are denied.

123. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations. The allegations in heading IV.C. are denied.

124. Deny that "accurate credit to girls who would have been recognized as victors but for Defendants' violations of Title IX," or that Title IX was violated. Intervenors lack sufficient knowledge or information to form a belief about the truth of the remaining allegations. The allegations in heading IV.C. are denied.

125. The allegations in the paragraph are admitted. Denied that plaintiffs are entitled to injunctive relief.

126. The allegations in the paragraph are admitted. Denied that plaintiffs are entitled to injunctive relief.

127. Denied.

128. Denied.

129. The allegations in the paragraph are admitted. Denied that plaintiffs are entitled to injunctive relief.

130. Denied that T.M. is a male athlete. The allegation in the remainder of the sentence is admitted.

131. Denied that Andraya Yearwood is a male athlete. The allegation in the remainder of the sentence is admitted.

132. Denied.

133. Denied. Plaintiff Chelsea Mitchell won first place in both the 55m and 300m events for the 2020 Indoor Class S Championship. T.M. placed second in the 55m and placed sixteenth in the 300m.

134. Denied.

135. The allegations in the paragraph are admitted. Denied that plaintiffs are entitled to injunctive relief.

136. Denied.

137. Denied. Plaintiff Chelsea Mitchell won first place in both the 55m event for the 2020 Indoor Class S Championship. Andraya Yearwood failed to place. Also denied that the cited records cited in Table 15 state that Andraya Yearwood's sex and T.M.'s sex is "M."

138. The allegations in the paragraph are admitted. Denied that plaintiffs are entitled to injunctive relief.

139. The allegations in the paragraph are admitted. Denied that plaintiffs are entitled to injunctive relief.

140. The allegations in the paragraph are admitted. Denied that plaintiffs are entitled to injunctive relief.

141. Denied. Plaintiff Selina Soule placed tenth in the preliminaries for the 55m for the 2020 Indoor Class LL Championship and is not eligible to advance to the State Open. None of the athletes that placed ahead of Plaintiff Selina Soule is known to be transgender.

142. Denied.

143. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence. The allegations in the second sentence are admitted. Denied that plaintiffs are entitled to injunctive relief.

144. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations. Denied that plaintiffs are entitled to injunctive relief.

145. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence. The allegations in the second sentence are denied. Denied that plaintiffs are entitled to injunctive relief.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. The allegations in the first two sentences are admitted. The allegations in the third sentence are denied. Denied that plaintiffs are entitled to injunctive relief.

152. Denied.

153. Denied.

154. Denied.

155. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

156. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

165. Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs lack Article III standing because they have failed to allege an injury in fact that concrete, particularized and actual or imminent; fairly traceable to the challenged action and redressable by a favorable ruling.

2. Plaintiffs have failed to state a claim upon which relief can be granted.

3. Plaintiffs are not entitled to the requested relief because they have not established irreparable harm, the balance of equities tips against them, and the requested relief would be contrary to the public interest.

4. Plaintiffs' claims are barred by Title IX and the Equal Protection Clause.