IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SELINA SOULE, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | No. 3:20-cv-00201-RNC |
| | ) | |
| CONNECTICUT ASSOCIATION OF SCHOOLS, INC., *et al*, | ) | |
| | ) | |
| *Defendants*, | ) | |
| | ) | February 28, 2020 |
| and | ) | |
| | ) | |
| ANDRAYA YEARWOOD and THANIA EDWARDS on behalf of her daughter, T.M., | ) | |
| | ) | |
| *Proposed Intervenors*. | ) | |

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS**

Andraya Yearwood ("Andraya") and Thania Edwards on behalf of her daughter T.M. ("Terry") respectfully submit the following memorandum of law in further support of their motion to intervene as defendants as of right pursuant to Federal Rule Civil Procedure 24(a)(2) or, alternatively, for permissive intervention under Rule 24(b)(1).

**I. Andraya and Terry Are Entitled To Intervene As of Right.**

"To intervene as of right, a movant must: (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128–29 (2d Cir. 2001) (internal quotation marks and citation omitted); *see* Fed. R. Civ. P. 24(a)(2). Plaintiffs do not dispute that Andraya and

1

Terry have satisfied the first three of these requirements. Plaintiffs' only argument is that Andraya and Terry's interests are adequately represented by the existing defendants. ECF 47 at 5.

As explained in Proposed Intervenors' Motion, ECF 36 at 12–13, Andraya and Terry's interests and Defendants' interests are not "so similar . . . that adequacy of representation [is] assured." *Brennan*, 260 F.3d at 133. In this case Plaintiffs are requesting an injunction that would violate Andraya and Terry's rights under Title IX and the Equal Protection Clause. ECF 36 at 9–10. The Second Circuit has specifically held—twice—that when a defendant faces dueling antidiscrimination claims from a plaintiff and from a potential intervenor, the court should grant intervention as of right. *See Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473–74 (2d Cir. 2010); *Brennan*, 260 F.3d at 130–31. Other courts of appeals agree. *See Brennan*, 260 F.3d at 130–32 (collecting cases). Plaintiffs do not discuss or distinguish *Bridgeport Guardians* or *Brennan*. They rely on boilerplate language from cases that did not address this specific context.

If Plaintiffs prevail in this case and Andraya and Terry are not joined as parties, then Andraya and Terry could bring their own lawsuit against Defendants, and Defendants could face the prospect of being held liable twice. That is exactly what happened in *Briscoe v. City of New Haven*, 654 F.3d 200, 203 (2d Cir. 2011). New Haven refused to certify the results of a firefighter exam suspecting the test had a discriminatory disparate impact on black applicants. White applicants subsequently sued New Haven, arguing that by refusing to certify the test results, New Haven unlawfully discriminated against them on the basis of race. The Supreme Court ruled in favor of the white applicants, but because the black applicants were never joined as parties, they were not bound by the judgment. The black applicants then brought *their own* disparate impact lawsuit against New Haven, and the Second Circuit held that the lawsuit could

proceed. The Second Circuit admonished New Haven that this problem could have been avoided if they had joined the black applicants to the original case. *See id.* at 209. By moving to intervene now, Andraya and Terry seek to ensure that all parties can avoid that situation.

## II. In the Alternative, Andraya and Terry Also Should Be Granted Permissive Intervention.

Andraya and Terry also satisfy the requirements for permissive intervention under Rule 24(b)(1). "Rule 24(b) does not list inadequacy of representation as one of the considerations for the court in exercising its discretion under Rule 24(b) and although a court may consider it, it is clearly a minor factor at most." *Allco Fin. Ltd. v. Etsy*, 300 F.R.D. 83, 88 (D. Conn. 2014) (internal quotation marks and citation omitted). "Other relevant factors include the nature and extent of the intervenors' interests" and "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191–92 (2d Cir. 1978) (internal quotation marks and citation omitted).

Plaintiffs do not contest that Andraya and Terry's application is "timely" and that they have a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Plaintiffs only argue that granting intervention would unduly delay resolution. ECF 45 at 9. But their only support for that claim is that Andraya and Terry had previously opposed the motion to expedite consideration of the motion for preliminary injunction and intended to seek an extension of time to respond. ECF 20 at 5. That issue has now been resolved, and Andraya and Terry are prepared to meet all deadlines on the same schedule as the existing defendants. They will not delay resolution in any way. To the contrary, Andraya and Terry's presence in the lawsuit as parties will *prevent* potential delays that could result if existing Defendants have to track down information or expertise Andraya and Terry already possess.

3

Andraya and Terry would "also significantly contribute to full development of the underlying factual issues and to the just and equitable adjudication of the legal questions presented." *Ass'n of Connecticut Lobbyists LLC v. Garfield*, 241 F.R.D. 100, 103 (D. Conn. 2007). Allowing them to intervene as parties will provide "the Court with a full picture of the issues to be decided and will permit the issues to be fully and thoroughly evaluated in an efficient, just, and speedy manner." *Schaghticoke Tribal Nation v. Norton*, No. 3:06-cv-81, 2006 WL 1752384, at *9 (D. Conn. June 14, 2006); *see also Int'l Union v. Scofield*, 382 U.S. 205, 215 (1965) ("Participation in defining the issues before the court guarantees that all relevant material is brought to its attention, and makes the briefs on the merits more meaningful.").

## CONCLUSION

For all the foregoing reasons, the Motion of Andraya and Thania Edwards on behalf of her daughter T.M. to Intervene should be granted.

Respectfully submitted,

\_\_\_/s/ Dan Barrett\_\_\_\_
Dan Barrett (# ct29816)
ACLU Foundation of Connecticut
765 Asylum Avenue, 1st Floor
Hartford, CT 06105
(860) 471-8471
e-filings@acluct.org

Chase Strangio*
Joshua A. Block*
Lindsey Kaley*
James D. Esseks*
Galen Sherwin*
American Civil Liberties Union
 Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
cstrangio@aclu.org

jblock@aclu.org
lkaley@aclu.org
jesseks@aclu.org
gsherwin@aclu.org

*Admitted pro hac vice