# SUPPLEMENTAL EXHIBIT IN SUPPORT OF MOTION TO INTERVENE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| <u>SELINA SOULE, ET AL.</u><br>*Plaintiffs*<br><br>v.<br><br>CONNECTICUT ASSOCIATION<br><u>OF SCHOOLS, INC., ET AL.</u><br>*Defendants* | CIVIL ACTION NO.<br>3:20-CV-00201 (RNC)<br><br><br>MARCH 2, 2020 |

**PROPOSED ANSWER OF THE COMMISSION ON HUMAN RIGHTS**
**<u>AND OPPORTUNITIES TO THE ALLEGATIONS IN THE COMPLAINT</u>**

1.     The Commission on Human Rights and Opportunities ("Commission") lacks sufficient knowledge or information to form a belief about the truth of the allegations.

2.     Denied.[1]

3.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

4.     Denied.

5.     Admitted that the quoted portions of *McCormick ex rel. McCormick v. Sch. Dist. of Mamaroneck*, 370 F. 3d 275, 295 (2d Cir. 2004) are accurately reproduced. The remaining allegations are denied.

6.     Admitted that this Court generally has subject matter jurisdiction over claims brought pursuant to Title IX, 20 U.S.C. § 1681. The remaining allegations are denied.

7.     Admitted that this Court generally has subject matter jurisdiction over claims brought pursuant to 28 U.S.C. §§ 1331, 1342(a). The remaining allegations are denied.

---

[1] Though the Complaint asserts claims under federal law, the parties remain subject to state statutes such as Conn. Gen. Stat. § 46a-51(21), which defines "gender identity or expression" as "a person's gender-related identity, appearance or behavior, whether or not that gender-related identity, appearance or behavior is different from that traditionally associated with the person's physiology or assigned sex at birth". The Commission therefore refers to individuals in accordance with their gender identity to the extent known.

8.      Admitted that this Court generally has power to award relief pursuant to 28 U.S.C. §§ 2201, 2202. Denied that Plaintiffs have standing to seek such relief in this case.

9.      Admitted.

10.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

11.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

12.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

13.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

14.     Denied that T.M. is male. The remaining allegations are admitted.

15.     Denied that Andraya Yearwood is male. The remaining allegations are admitted.

16.     Denied that the CIAC policy is discriminatory. Admitted that the Glastonbury Public Schools Board of Education is located in Glastonbury, Connecticut. The Commission lacks sufficient knowledge or information to form a belief about the truth of the remainder of the paragraph.

17.     Denied that the CIAC policy is discriminatory. Admitted that the Canton Public Schools Board of Education is located in Canton, Connecticut. The Commission lacks sufficient knowledge or information to form a belief about the truth of the remainder of the paragraph.

18.     Denied that the CIAC policy is discriminatory. Admitted that the Danbury Public Schools Board of Education is located in Danbury, Connecticut. The Commission lacks sufficient knowledge or information to form a belief about the truth of the remainder of the paragraph.

19.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

20.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

21.     Admitted that the CIAC is a Connecticut not-for-profit corporation with its headquarters in Cheshire, Connecticut. The Commission lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations.

22.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

23.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

24.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

25.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

26.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

27.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

28.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

29.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

30.     Admitted.

31.     Admitted.

32.     Admitted.

33.     Admitted.

34.     Admitted that the quoted portions of 34 C.F.R. § 106.41(a) are accurately reproduced. To the extent the remaining allegations require a response, the Commission lacks sufficient knowledge or information to form a belief about their truth.

35.     Admitted that Congress delegated authority to HEW to promulgate regulations implementing Title IX and that the regulations and guidance exist where cited. The Commission lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations.

36.     Admitted that the quoted portion of 34 C.F.R. § 106.41(c) are accurately reproduced. The remaining allegations are denied.

37.     Admitted that the quoted portions of 34 C.F.R. § 106.41(c) and 44 Fed. Reg. 71,413 (1979) are accurately reproduced. The remaining allegations are denied.

38.     Admitted that the quoted portions of 34 C.F.R. § 106.41(c) and 44 Fed. Reg. 71,413 (1979) are accurately reproduced. The remaining allegations are denied.

39.     Admitted that the quoted portions of the cited documents are accurately reproduced. The remaining allegations are denied.

40.     Admitted that the quoted portion of 34 C.F.R. § 106.41(c) are accurately reproduced. The remaining allegations are denied.

41.     Admitted that the quoted portions of the cited documents are accurately reproduced. The remaining allegations are denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

49.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

50.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

51.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

52.     Admitted that Doriane Lambelet Coleman, Martina Navratilova, and Sanya Richards-Ross wrote the quoted statement. The substance of the statement is denied.

53.     Admitted only that the quoted statement is accurately reproduced. The substance of the statement is denied.

54.     Admitted that the quoted statement is accurately reproduced. The substance of the statement is denied.

55.     Admitted that the quoted statement is accurately reproduced and that Vashti Cunningham both set the high school record in girls' high jump and represented the United States in the 2016 Olympics. The remainder of the paragraph is denied, as is the substance of Professor Coleman's statement.

56.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

57.     Denied that CeCe Telfer is male and object to the use of her former name. The Commission lacks sufficient knowledge or information to form a belief about the truth of the remainder of the paragraph.

58.     The Commission objects to the use of CeCe Telfer's former name and therefore denies those allegations. The Commission lacks sufficient knowledge or information to form a belief about the truth of the remainder of the paragraph.

59.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

60.     Denied.

Deny allegations in heading III. C.

61.     Denied.

62.     Denied.

63.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

64.     Denied.

65.     Denied.

66.     Denied that males are competing as girls. The remainder of the allegations are also denied.

67.     Denied.

Deny allegations in heading IV. A.

68.     Admitted.

69.     Admitted.

70.     Denied that the CIAC policy allows boys who identify as girls to compete in girls' athletic events. The CIAC allows girls to compete on girls' teams and may make a determination that the expression of a student's gender identity is "not for the purpose of gaining an unfair advantage in competitive athletics."

71.     Denied.

72.     Denied.

73.     Denied that Article IX, Section B of the CIAC By-Laws states anywhere that a "male who competes in girls' events gains an 'unfair advantage in competitive athletics.'" Article IX, Section B of the By-Laws states, "Accordingly, when a school district submits a roster to the CIAC, it is verifying that it has determined that the students listed on a gender specific sports team are entitled to participate on that team due to their gender identity and that the school district has determined that the expression of the student's gender identity is bona fide and not for the purpose of gaining an unfair advantage in competitive athletics."

74.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

75.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

<u>Deny allegations in heading IV. B.</u>

76.     Denied.

77.     Denied.

78.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

79.     Denied. Athletic.net does not provide any information indicating Andraya Yearwood or T.M. are male.

80.     Admitted that Andraya Yearwood won CIAC's Class M state championship in 2017. Denied that Andraya Yearwood is male.

81.     Denied.

82.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

83.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

84.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

85.     Denied.

86.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations. Athletic.net does not provide any information indicating Andraya Yearwood or T.M. are male.

87.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

88.     First sentence is denied. The Commission lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations.

89.     Denied. Athletic.net does not provide any information indicating Andraya Yearwood or T.M. are male.

90.     Denied. Athletic.net does not provide any information indicating Andraya Yearwood or T.M. are male.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

96.     Denied that Plaintiff Chelsea Mitchell was denied "accolades and publicity she earned." The Commission lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations.

97.     Denied that T.M. is a male athlete. The remaining allegations in the paragraph are admitted.

98.     Admitted that T.M. placed first in the 200m in the 2019 State Outdoor Open. The remaining allegations are denied. Athletic.net does not provide any information indicating Andraya Yearwood or T.M. are male.

99.     Denied.

100.   Denied.

101.   Denied.

102.   The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

112.   The Commission lacks sufficient knowledge or information about the feelings of Plaintiffs to form a belief about the truth of that allegation. Denied that Plaintiffs are competing against male athletes. The remaining allegations are denied.

113.   The Commission lacks sufficient knowledge or information about the Plaintiffs' feelings and experiences to form a belief about the truth of those allegations. Denied that Plaintiffs are competing against male athletes. The remaining allegations are denied.

114.   The allegations in the first sentence are denied. Denied that the newspaper quote is accurately reproduced, in that the actual quote states, "'There's really nothing

else you can do except get super frustrated and roll your eyes,' the first girl said, 'because it's really hard to even come out and talk in public just because of the way with the far left, and how just immediately you'll just be shut down.'" The Commission lacks sufficient knowledge or information to form a belief about the truth of the substance of the allegations by the unspecified source.

115.   The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

Deny allegations in heading IV.B.

116.   Admitted that Plaintiffs filed a complaint with the U.S. Department of Education Office for Civil Rights on June 18, 2019. Denied that the allegations in the complaint are true.

117.   Denied.

118.   The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

119.   The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

120.   The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

121.   The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations. Denied that any corrections were needed or that Title IX was violated.

122.   The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

123. The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

124. The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations. Denied that any corrections were needed or that Title IX was violated.

Deny allegations in heading V.

125. The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

126. Admitted.

127. The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

128. The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

129. Admitted.

130. Denied that T.M. is a male athlete. The allegation in the remainder of the sentence is admitted.

131. Denied that Andraya Yearwood is a male athlete. The allegation in the remainder of the sentence is admitted.

132. The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

133. Denied. Plaintiff Chelsea Mitchell won first place in both the 55m and 300m events for the 2020 Indoor Class S Championship. T.M. placed second in the 55m and placed sixteenth in the 300m.

134.    The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

135.    Admitted.

136.    Denied.

137.    Denied. Athletic.net does not provide any information indicating Andraya Yearwood or T.M. are male.

138.    The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

139.    The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

140.    The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

141.    Denied.

142.    The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

143.    The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

144.    The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

145.    The Commission lacks sufficient knowledge or information to form a belief about the truth of the first sentence. Denied that Alanna Smith earned second place in the 2019 State Championship.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    The allegations in the first two sentences are admitted. The allegations in the third sentence are denied.

152.    Denied.

153.    Denied.

154.    Denied.

<u>Deny allegations in heading on page 46</u>

155.    The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

156.    The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

<u>Deny allegations in heading on page 48</u>

164.    The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

165.    The Commission lacks sufficient knowledge or information to form a belief about the truth of the allegations.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiffs lack Article III standing because they have failed to allege an injury in fact that is concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.

2.    Plaintiffs have failed to state a claim upon which relief can be granted.

3.    Plaintiffs are not entitled to the requested relief because they have not established irreparable harm, the balance of equities tip against them, and the requested relief would be contrary to the public interest.

4.    Plaintiffs' claims are barred by Title IX and the Equal Protection Clause.

## CERTIFICATION

Electronic service will be made through CM/ECF transmission notice to:

Attorney Elizabeth Mott Smith
Attorney Johanna G. Zelman
Ford Harrison, LLP
185 Asylum St., Ste. 610
Hartford, CT 06103
esmith@fordharrison.com
jzelman@fordharrison.com

Attorney David S. Monastersky
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford, CT 06114-1190
dmonastersky@hl-law.com

Attorney Peter J. Murphy
Attorney Linda L. Yoder
Shipman & Goodwin, LLP
One Constitution Plaza
Hartford, CT 06103
pjmurphy@goodwin.com
lyoder@goodwin.com

Attorney Dan Barrett
American Civil Liberties Union – CT
765 Asylum Ave., 1st Fl.
Hartford, CT 06105
dbarrett@acluct.org

Attorney Joshua A. Block
Attorney James D. Esseks
Attorney Lindsey Kaley
Attorney Galen Sherwin
Attorney Chase Strangio
American Civil Liberties Union
125 Broad St., 18th Fl.
New York, NY 10004
jblock@aclu.org
jesseks@aclu.org
lkaley@aclu.org
gsherwin@aclu.org
cstrangio@aclu.org

Attorney Howard M. Wood, III
Phelon, Fitzgerald & Wood
773 Main St., Manchester, CT 06040
howard.wood@pfwlaw.com

Attorney Kristen Waggoner
Attorney Christiana M. Holcomb
Alliance Defending Freedom
440 First St. NW, Ste. 600
Washington, DC 20001
kwaggoner@adflegal.org
cholcomb@adflegal.org

Attorney Jeff Shafer
Attorney Roger Greenwood Brooks
Alliance Defending Freedom
15100 N. 90th St., Scottsdale, AZ 85260
jshafer@adflegal.org
rbrooks@adflegal.org


 /s/ Michael E. Roberts
Michael E. Roberts [ct30824]