UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SELINA SOULE, ET AL. | : |
|     Plaintiffs | : |
| | : CIVIL ACTION NO.: 3:20-cv-00201 (RNC) |
| v. | : |
| | : |
| CONNECTICUT ASSOCIATION OF | : |
| OF SCHOOLS, INC., ET A. | : |
|     Defendants | : MARCH 3, 2020 |

**<u>MEMORANDUM IN SUPPORT OF MOTION OF
ANDRAYA YEARWOOD AND THANIA EDWARDS, ON BEHALF
OF HER DAUGHTER, T.M., MOTION TO INTERVENE AS DEFENDANTS</u>**

Defendants, Bloomfield Board of Education ("Bloomfield") and Cromwell Board of Education ("Cromwell"), hereby join the Defendant Connecticut Interscholastic Athletic Conference ("CIAC") and the other Defendants in supporting the motion to intervene filed by the American Civil Liberties Union on behalf of Andraya Yearwood ("Ms. Yearwood") and T.M.

Given the allegations directed specifically at Ms. Yearwood and T.M., and Plaintiffs' ongoing invocation of their names and attempt to preclude them from competing in their own final seasons of high school track by way of preliminary injunction, both Ms. Yearwood and T.M. have a substantial interest in the matter allowing them to intervene as a matter of right in this matter. *See Bd. Of Educ. Of the Highland Local Sch. Dist. v. U.S. Dept of Educ.,* No. 2:16-CV-524, 2016 WL 4269080, at *4 (S.D. Ohio Aug. 15, 2016) (holding that Jane Doe, a transgender student, had a substantial interest allowing her to intervene in lawsuit seeking to exclude her from using the girls' restrooms); *Meriwether v. Trs. Of Shawnee State Univ.*, 2019 U.S. Dist. LEXIS 78771, at *48 (S.D. Ohio, May 9, 2019) (holding that Jane Doe, a transgender student, had a substantial interest in allowing her to intervene in a lawsuit to "safeguard the right of all students at Shawnee State University, including those who are transgender, to equal and respectful treatment by

faculty."); *Privacy Matters v. United States Dep't of Educ.,* No. 16-CV-3015 (WMW/LIB), 2016 WL 6436658, at *3 (D. Minn. Oct. 27, 2016) (holding that Jane Doe, a transgender student, had standing to intervene because "Plaintiffs seek preliminary and permanent injunctive relief that would require Doe's school to prohibit Doe from using the school restrooms and locker rooms that align with her gender identity" and explaining that "if Plaintiffs prevail on the merits, she will suffer an injury because her school will immediately stop providing her with equal treatment as required under Title IX, 20 U.S.C. §§ 1681, *et seq*., and the Equal Protection Clause of the United States Constitution").

Furthermore, neither Bloomfield nor Cromwell have sufficient knowledge regarding Ms. Yearwood's and T.M.'s private medical records and history, as well as their physical characteristics, which weighs in favor of intervention as a matter of right. *See Bd. Of Educ. Of the Highland Local Sch. Dist.*, No. 2:16-CV-524, 2016 WL 4269080, at *4.

Ms. Yearwood and T.M. are students in the Cromwell and Bloomfield schools, respectively. Cromwell and Bloomfield both intend to vigorously defend the lawfulness of their policies that allow both Ms. Yearwood and T.M. to compete in girls' track and field. However, Plaintiffs' assertion that Ms. Yearwood's and T.M.'s rights are adequately represented by legal counsel for Bloomfield and Cromwell misses the mark. Ms. Yearwood and T.M. have their own rights under Title IX and the Equal Protection clause that neither Cromwell nor Bloomfield has standing to assert. There are numerous other scenarios where their interests may diverge from the Defendants. *See N.Y. Pub. Interest Research Grp. v. Regents of Univ. of State of N.Y.*, 516 F.2d 350, 352 (2d Cir. 1975) (granting intervention because intervenors would "make a more vigorous presentation of the economic side of the argument than would the [defendants]"); *Meriwether*, 2019 U.S. Dist. LEXIS 78771 at *49 (holding that transgender student's interests were not

adequately represented by university defending nondiscrimination policy because university did not affirmatively argue that the policy was required by the Constitution and Title IX). Thus, intervention as of right is appropriate in this case.

In the alternative, Ms. Yearwood and T.M. should be allowed to intervene under the doctrine of permissive intervention as a finding against the Defendants in this case this case would likely lead to subsequent litigation by Ms. Yearwood and/or T.M., or other transgender students, whose rights are affected by the resolution of this litigation but whose rights were not represented. *See Ass'n of Connecticut Lobbyists LLC v. Garfield,* 241 F.R.D. 100, 103 (D. Conn. 2007); *see also* s*ee Students & Parents for Privacy v. U.S. Dep't of Educ.*, No. 16 C 4945, 2016 WL 3269001, at *3 (N.D. Ill. June 15, 2016) (allowing transgender student to intervene because granting the motion to intervene could obviate subsequent lawsuits).

WHEREFORE, for all the foregoing reasons, Ms. Yearwood and T.M. should be permitted to intervene in this action.

DEFENDANTS,
BLOOMFIELD BOARD OF EDUCATION,
CROMWELL BOARD OF EDUCATION

By   /s/ Johanna G. Zelman
         Johanna G. Zelman (ct26966)
         FordHarrison, LLP
         CityPlace II
         185 Asylum Street, Suite 610
         Hartford, CT 06103
         Tel #:  (860) 740-1355
         Fax #:  (860) 578-2075
         Email:  jzelman@fordharrison.com

**CERTIFICATE OF SERVICE**

This is to certify that on this 3rd day of March, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Howard M. Wood, III, Esq.
Phelon, Fitzgerald & Wood
773 Main Street
Manchester, CT 06040
howard.wood@pfwlaw.com
*Attorney for Plaintiffs Selina Soule, Chelsea Mitchell and Alana Smith*

Peter Joseph Murphy, Esq.
Linda L. Yoder, Esq.
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
lyoder@goodwin.com
pjmurphy@goodwin.com
*Attorneys for Connecticut Association of Schools, Inc. d/b/a CIAC and Danbury BOE*

Kristen Waggoner, Esq.
Christiana M. Holcomb, Esq.
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
kwaggoner@adflegal.org
cholcomb@adflegal.org
*Attorney for Plaintiffs Selina Soule, Chelsea Mitchell and Alana Smith*

David S. Monastersky, Esq.
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190
dmonastersky@hl-law.com
*Attorney for Defendants Glastonbury BOE and Canton BOE*

Jeff Shafer, Esq.
Roger Greenwood Brooks, Esq.
15100 N. 90th Street
Scottsdale, AZ 85260
jshafer@adflegal.org
rbrooks@adflegal.org
*Attorney for Plaintiffs Selina Soule, Chelsea Mitchell and Alana Smith*

Michael E. Roberts, Esq.
CHRO
450 Columbus Boulevard, Suite 2
Hartford, CT 06103
Michael.e.roberts@ct.gov
*Attorney for Intervenor Defendant CHRO*

Dan Barrett, Esq.
American Civil Liberties Union – CT
765 Asylum Avenue, 1st Floor
Hartford, CT 06105
dbarrett@acluct.org
*Attorney for Intervenors Andraya Yearwood and Thania Edwards*

Chase Strangio, Esq.
Galen Sherwin, Esq.
James D. Esseks, Esq.
Joshua A. Block, Esq.
Lindsey Kaley, Esq.
ACLU
125 Broad Street, 18th Floor
New York, NY 10004
cstrangio@aclu.org
gsherwin@aclu.org
jesseks@aclu.org
jblock@aclu.org
lkaley@aclu.org
*Attorney for Intervenors Andraya Yearwood and Thania Edwards*

  /s/ Johanna G. Zelman
Johanna G. Zelman

WSACTIVELLP:11329397.1