UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SELINA SOULE, a minor, by Bianca Stanescu, her mother; CHELSEA MITCHELL, a minor, by Christina Mitchell, her mother; ALANNA SMITH, a minor, by Cheryl Radachowsky, her mother,<br><br>*Plaintiffs*,<br><br>v.<br><br>CONNECTICUT ASSOCIATION OF SCHOOLS d/b/a CONNECTICUT INTERSCHOLASTIC ATHLETIC CONFERENCE; BLOOMFIELD PUBLIC SCHOOLS BOARD OF EDUCATION; CROMWELL PUBLIC SCHOOLS BOARD OF EDUCATION; GLASTONBURY PUBLIC SCHOOLS BOARD OF EDUCATION; CANTON PUBLIC SCHOOLS BOARD OF EDUCATION; DANBURY PUBLIC SCHOOLS BOARD OF EDUCATION,<br><br>*Defendants.* | Case No.: 3:20-cv-00201-RNC<br><br>**MEMORANDUM IN RESPONSE TO FILING OF DEFENDANTS BLOOMFIELD AND CROMWELL SCHOOL DISTRICTS AND FILING OF DEFENDANT CONNECTICUT INTERSCHOLASTIC ATHLETIC ASSOCIATION IN SUPPORT OF MOTION OF ANDRAYA YEARWOOD AND T.M. TO INTERVENE**<br><br>Dated:  March 4, 2020 |

The unauthorized filings of (a) Defendants Bloomfield Board of Education and Cromwell Board of Education (collectively, "Bloomfield and Cromwell") and (b) the Connecticut Interscholastic Athletic Association ("CIAC") nominally in further support of the fully briefed motion of Andraya Yearwood and T.M. to intervene add no substance to the existing briefing. Instead, they simply illustrate the chaos and unfairness that would follow from allowing the multiplication of parties through intervention.

Yearwood and T.M. made their appearance and announced their intention to intervene on February 14 (Opp'n to Mot. to Expedite, ECF No. 20), and moved to intervene on February 21 (Mot. to Intervene, ECF No. 36). Plaintiffs filed their opposing brief just three business days

1

later, on February 26. Mem. in Opp'n to Mot. of Yearwood and T.M. to Intervene as Defs., ECF No. 47. During the scheduling conference held on February 27, the Court directed Proposed Intervenors to complete the briefing by filing their final *responsive* brief on or before March 2 (Order, ECF No. 51), and movants did so (Reply Mem. in Supp. of Mot. to Intervene, ECF No. 53). At no point during the scheduling conference did either CIAC or Bloomfield and Cromwell so much as hint that they intended to submit briefs on this motion, much less request leave to do so on a date *after* the March 2 date set by the Court for the final brief by the movants themselves.

Yet on March 2 CIAC filed a brief, and on March 3 Bloomfield and Cromwell followed with another—both without requesting leave. Plaintiffs have thus been put to the unfair choice of diverting time to further briefs on a motion on which briefing was already completed on the schedule ordered by the Court, or leaving these new briefs entirely unanswered. This unfairness and rupture of court-ordered deadlines epitomizes what we must fear if this litigation is permitted to balloon into an "all comers" debate through intervention, rather than a focused dispute between plaintiffs and the defendants who are the only parties subject to the obligations of Title IX. Multiplication of parties will indeed "unduly delay or prejudice the adjudication of the original parties' rights"—the "principal consideration" when evaluating a request for permissive intervention. *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978); *see* Pls.' Opp'n to Mot. of Yearwood and T. M. to Intervene at 8-9, ECF No. 47.

With that said, substantively these belated briefs add no weight. They cite factually highly distinguishable cases concerning individual privacy claims, but offer no response at all to the extensive precedent that shows that—while the remedies required in the numerous reported Title IX cases concerning athletic opportunities routinely negatively impact boys, including specific boys and specific teams—in no case in the nation have potentially affected boys been

joined as parties in a Title IX lawsuit seeking to enforce Title IX to protect girls' athletic opportunities. *See* Pl. Opp'n to Yearwood. & T. M. Intervention at 7-8, ECF No. 47.

Nor do CIAC or Bloomfield and Cromwell add anything that could contribute to meeting Proposed Intervenors' burden to "rebut the presumption of adequate representation by the party already in the action." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179-80 (2d Cir. 2001). Bloomfield and Cromwell cite a case in which intervention was allowed *after* a university failed to assert certain theories that intervenors wanted to assert (Bloomfield and Cromwell Mem. in Supp. of Mot. of Yearwood and T.M. to Intervene at 2-3, ECF No. 56), but they do not state that they will similarly decline to advance any particular theory. On the contrary, Bloomfield and Cromwell affirmatively declare that they "intend to vigorously defend the lawfulness of their policies." The "private medical records" that both briefs point to can readily be obtained through the discovery process. Bloomfield and Cromwell assert that "there are numerous [ ] scenarios where [Yearwood's and T.M.'s] interests may diverge from the Defendants," but identify none.  These are mere "conclusory allegations and hypothetical disagreements," *In re Ambac Financial Group, Inc., Derivative Litigation,* 257 F.R.D. 390, 393 (S.D.N.Y. 2009), which cannot meet proposed intervenors' burden.

Conclusion

Because Bloomfield and Cromwell filed their brief after the date set by the Court for filing of the final responsive brief on that motion, without seeking leave, that brief should be rejected as improper, and not considered. Because the CIAC submitted its brief only on the date set for the proposed intervenors' final responsive brief without seeking leave, that brief, too, should be rejected as improper. For the reasons set forth above and in Plaintiffs' Memorandum in Opposition to the Motion of Yearwood and T.M. to Intervene (ECF No. 47), that motion should be denied.

Respectfully submitted this 4th day of March, 2020.

> By: s/ *Howard M. Wood II*
>
> Howard M. Wood III
> CT Bar No. 68780, CT Fed. Bar No. 08758
> James H. Howard
> CT Bar No 309198, CT Fed. Bar No 07418
> FIORENTINO, HOWARD & PETRONE, P.C.
> 773 Main Street
> Manchester, CT 06040
> Telephone: (860) 643-1136
> Fax: (860) 643-5773
> Email: howard.wood@pfwlaw.com
> Email: james.howard@pfwlaw.com
>
> Roger G. Brooks
> CT Fed. Bar No. PHV10498
> Jeffrey A. Shafer
> CT Fed. Bar No. PHV10495
> Alliance Defending Freedom
> 15100 N. 90th Street
> Scottsdale, Arizona 85260
> Telephone: (480) 444-0020
> Fax: (480) 444-0028
> Email: rbrooks@ADFlegal.org
> Email: jshafer@ADFlegal.org
>
> Kristen K. Waggoner
> CT Fed. Bar No. PHV10500

                Christiana M. Holcomb
                CT Fed. Bar No. PHV10493
                Alliance Defending Freedom
                440 First St. NW, Suite 600
                Washington, D.C. 20001
                Telephone: (202) 393-8690
                Fax: (202) 347-3622
                Email: kwaggoner@ADFlegal.org
                Email: cholcomb@ADFlegal.org

                Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

    I hereby certify that on March 4, 2020, a copy of the foregoing Memorandum in Response to Defendants Bloomfield and Cromwell School Districts and Defendant Connecticut Interscholastic Athletic Association in Support of Motion of Andraya Yearwood and Thania Edwards on behalf of Terry Miller to Intervene as Defendants was filed electronically with the Clerk of Court. Service on all parties will be accomplished by operation of the court's electronic filing system.

                                *s/ Howard M. Wood II*
                                Attorney for Plaintiffs