UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SELINA SOULE, a minor, by Bianca Stanescu, her mother; CHELSEA MITCHELL, a minor, by Christina Mitchell, her mother; ALANNA SMITH, a minor, by Cheryl Radachowsky, her mother,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTICUT ASSOCIATION OF SCHOOLS d/b/a CONNECTICUT INTERSCHOLASTIC ATHLETIC CONFERENCE; BLOOMFIELD PUBLIC SCHOOLS BOARD OF EDUCATION; CROMWELL PUBLIC SCHOOLS BOARD OF EDUCATION; GLASTONBURY PUBLIC SCHOOLS BOARD OF EDUCATION; CANTON PUBLIC SCHOOLS BOARD OF EDUCATION; DANBURY PUBLIC SCHOOLS BOARD OF EDUCATION,<br><br>Defendants. | Case No.: 3:20-cv-00201(RNC)<br><br><br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME**<br><br><br><br>March 6, 2020 |

      Plaintiffs have brought this case to obtain urgent relief relevant to the Spring track season, after the Title IX administrative enforcement process through the Department of Education proved too slow to provide meaningful protection for the final senior season of two of the Plaintiffs.  Plaintiffs have pending a motion for preliminary injunction to provide protection for that season while full litigation of their federal claims proceeds, as well as a request for expedited consideration of that motion for interim protection. Defendants cite Rule 1, but overlook that Rule 1 calls for cooperation to ensure a "just, <u>speedy</u>, and inexpensive" resolution.

1

The Plaintiffs respectfully request that the Court enforce a reasonable schedule calculated to serve that goal of speed.

The last Defendant was served on February 19. Consistent with ordinary courtesy, at Defendants' request Plaintiffs offered an extension of fourteen days, providing the Defendants a full <u>five weeks</u> to move or answer. Notably, the proposed intervenors Yearwood and T.M. (who were of course not served) were able to prepare and file a complete proposed Answer within <u>two days</u> of that last service date—which is to say just nine days after the Complaint was filed. Defendants, by contrast, declined to respond to Plaintiffs' offer of a two-week extension, and instead filed this motion demanding an extension until 61 days after the last formal service of process, and 70 days after the Complaint was filed. That is excessive, and harmful to the speedy and efficient resolution of this case.

The Court has emphasized the importance of quickly bringing into focus exactly what is and what is not disputed in this matter. Plaintiffs believe that few of the basic facts will be disputed, but this is precisely what the process of serving an Answer is designed to pin down. Prompt preparation and service of an Answer is entirely congruent with—not in opposition to—the Court's instruction that the parties bring the disputed issues into focus and promptly prepare a joint pre-preliminary injunction hearing Memorandum. Indeed, if the Defendants do not speedily determine what factual allegations they are disputing, preparation of a meaningfully detailed memorandum will not be possible. For this reason, it would be preferable and more efficient if Plaintiffs received Defendants Answer <u>before</u> the March 19 meet and confer, but in a spirit of compromise, Plaintiffs nevertheless offered a full two-week extension.

The Court also expressed its desire to deal with dispositive motions—if any will be made—promptly. And indeed, while dispositive motions should not be permitted to delay

resolution of Plaintiffs' motion for an expedited preliminary injunction (preliminary injunctions exist precisely to protect plaintiffs while the more time-consuming aspects of litigation go forward), Plaintiffs agree that it is desirable that dispositive motions be made and decided quickly, to enable an expedited appeal within a still-meaningful time should that be necessary. If Defendants intend to file a dispositive motion, then five weeks after service of the Complaint is a reasonable amount of time in which to prepare those papers, and all the more so given that Defendants have been fully aware of all the issues and detailed facts alleged in the Plaintiffs' Complaint for many months, as a result of the pending investigation by the Office of Civil Rights.

Defendants assert that it is "very possible that by working together, the parties may be able to obviate the need for any contemplated grounds for a motion to dismiss." (Defs. Mem. 2, ECF No. 58.) With regret, Plaintiffs do not believe this is realistic. Certainly the parties can and must cooperate to enable an efficient and courteous adjudication of this dispute. But given Defendants' long history of absolute refusal to change or even discuss their policy in the face of multiple approaches by Plaintiffs' parents, and in the face of a months-long formal investigation by the Department of Education Office of Civil Rights (see Complaint ¶¶ 116-124, ECF No. 1), Plaintiffs conclude that the parties have a fundamental disagreement that turns on an important legal question, and that this dispute is unlikely to be resolved except by adjudication. If so, the sooner the better.

For these reasons, Plaintiffs respectfully submit that the two-week extension of the time to move or answer that Plaintiffs offered is reasonable, and that no slower schedule should be set.

Respectfully submitted this 6th day of March, 2020.

By: *s/ Howard M. Wood II*

Howard M. Wood III
CT Bar No. 68780, CT Fed. Bar No. 08758
James H. Howard
CT Bar No 309198, CT Fed. Bar No 07418
Fiorentino, Howard & Petrone, P.C.
773 Main Street
Manchester, CT 06040
Telephone: (860) 643-1136
Fax: (860) 643-5773
Email: howard.wood@pfwlaw.com
Email: james.howard@pfwlaw.com

Roger G. Brooks
CT Fed. Bar No. PHV10498
Jeffrey A. Shafer
CT Fed. Bar No. PHV10495
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Fax: (480) 444-0028
Email: rbrooks@ADFlegal.org
Email: jshafer@ADFlegal.org

Kristen K. Waggoner
CT Fed. Bar No. PHV10500
Christiana M. Holcomb
CT Fed. Bar No. PHV10493
Alliance Defending Freedom
440 First St. NW, Suite 600
Washington, D.C. 20001
Telephone: (202) 393-8690
Fax: (202) 347-3622
Email: kwaggoner@ADFlegal.org
Email: cholcomb@ADFlegal.org

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

     I hereby certify that on March 6, 2020, a copy of the foregoing Memorandum in Opposition to Defendant's Joint Motion for Extension of Time was filed electronically with the Clerk of Court. Service on all parties will be accomplished by operation of the court's electronic filing system.

                                        *s/ Howard M. Wood II*
                                         Attorney for Plaintiff