UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SELINA SOULE, ET AL. <br> *Plaintiffs* | CIVIL ACTION NO. <br> 3:20-CV-00201 (RNC) |
| v. | |
| CONNECTICUT ASSOCIATION <br> OF SCHOOLS, INC., ET AL. <br> *Defendants* | MARCH 9, 2020 |

## REPLY MEMORANDUM OF THE
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
## IN SUPPORT OF ITS MOTION TO INTERVENE

"[A] lawsuit often is not merely a private fight and will have implications on those not named as parties." Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1901 (3d ed. 2002). The Plaintiffs allege that the named Defendants have denied them equal opportunities and discriminated against them on the basis of sex. Compl., ¶ 169. The Commission on Human Rights and Opportunities ("Commission") seeks to intervene as the civil rights enforcement agency of Connecticut, charged with eliminating discrimination and ensuring equality of opportunity based on, among other protected classes, sex.

Through Conn. Gen. Stat. § 46a-58(a), the Commission has been granted "the authority to use its full powers to enforce... prohibitions against discrimination, and that enactment carried with it the authority to investigate and, if necessary, adjudicate complaints of a specific course of conduct amounting to... discrimination against students by educational officials in the public schools." CHRO v. Bd. of Ed. of Cheshire, 270 Conn. 665, 713 (2004). That authority applies to deprivations of rights under Title IX. See generally, City of Shelton v. Hughes, 578 Fed. Appx. 53, 54 (2d Cir. 2014) (regarding Title VII rights). The Commission's jurisdiction extends to the parties implicated, the facts asserted, and, through Conn. Gen. Stat. § 46a-58(a), the rights allegedly deprived here.

1

Its interest in the outcome of this case is therefore sufficient to meet the standard for intervention. See Boy Scouts of Am. v. Wyman, 335 F.3d 80, 83 (2d Cir. 2003).

It is because of Conn. Gen. Stat. § 46a-58(a) that Brewer v. Republic Steel Corp., on which the Plaintiffs' rely, is easily distinguishable. In that case the Sixth Circuit was able to draw a clean line between the federal claims and the state-based enforcement authority of the Ohio Civil Rights Commission. Brewer v. Republic Steel Corp., 513 F.2d 1222, 1223 (6th Cir. 1975). But Ohio did not then, nor does it now, have an equivalent to Conn. Gen. Stat. § 46a-58(a), a statute whose "broad and inclusive language… indicates an intention to protect a broad and inclusive range of persons from broadly specified forms of discrimination by a broad and inclusive range of actors." Bd. of Ed. of Cheshire, 270 Conn. at 707. Such expansive language blurs the Brewer line and creates an interest for Connecticut's Commission where for Ohio's there was none.[1]

The unique nature of Conn. Gen. Stat. § 46a-58(a) also neutralizes the supposed "chaos" envisioned by the Plaintiffs. Pl.'s Obj., 5. There is only one agency (the Commission) of one state (Connecticut) with authority to enforce Conn. Gen. Stat. § 46a-58(a) based on deprivations of Title IX rights, and which therefore has a direct interest in the outcome of this case. This case is not being litigated in Ohio, Massachusetts, or any other state, nor is it a nationwide class action. Though cloaked in the mantle of federal claims, the parties implicated and facts alleged in this case are inexorably rooted to Connecticut. It is being litigated in Connecticut, by Connecticut students, against

---

[1] Even in Brewer it was conceded that courts "have exercised [their] discretion in favor of state civil rights commissions in situations similar to the case at bar." Brewer, 513 F.2d at 1225. (citing United States v. Local 638, 347 F. Supp. 164, 166 (S.D.N.Y. 1972) and Youngblood v. Dalzell, Docket No. 8774, 1973 WL 170, *1 (S.D. Ohio June 25, 1973)).

Connecticut defendants, asserting claims of discrimination about which the Connecticut anti-discrimination agency seeks to intervene. See Compl., ¶ 9 ("a substantial part of the events or omissions giving rise to the claims occurred in [Connecticut] and all Plaintiffs and Defendants reside or have their principal place of business in Connecticut"). No agency or representative from any other state has the same interest.

Nor, for that matter, do the parties already named in this litigation.[2] While the Plaintiffs elected to bring their claims to the United States Department of Education; Compl., at ¶ 116; other students whose Title IX rights could be affected by this litigation need not pursue the same route. They could instead file claims with the Commission alleging violations of Conn. Gen. Stat. § 46a-58(a) based on deprivations of their Title IX rights. To the extent that the outcome of this case could affect the Commission's processing of such complaints, the Commission is potentially vulnerable to an injurious result. See, e.g., CHRO v. Human Rights Referee, 66 Conn. App. 196, 201-02 (2001) (Commission aggrieved by precedent which would be harmful to its processing of cases). None of the other named parties are in the same position. They are therefore inadequately situated to represent the Commission's interest.

It is the singular voice of the Commission which necessitated its intervention in Wyman, a case which the Plaintiffs understandably discuss in only superficial fashion. It

---

[2] The Plaintiffs assume, without support, that the named Defendants are "public agencies" whose participation warrants a presumption of adequate representation. Pl.'s Obj., 7. The relationship of the named Defendants and the Commission as to the matters in this case, however, is more akin to that of the regulator and the regulated, which courts have held demonstrates a sufficiently distinct interest to warrant separate intervention. See, e.g., Conservation Law Found. of New England, Inc. v. Mosbacher, 966 F.2d 39, 44-45 (1st Cir. 1992) (discussing divergence of interest between regulating agency and members of regulated industry for purposes of intervention).

was not, as the Plaintiffs represent, the rulings of the Commission which were being challenged in Wyman, but the actions of other state entities, namely the Comptroller and the Connecticut State Employees Campaign Committee. See Wyman, 335 F.3d at 83. The Commission nevertheless sought to intervene, with the interest of "ensur[ing] that state facilities not be used in furtherance of discrimination and that State employees not be subjected to solicitation on behalf of discriminating organizations, and that its Declaratory Rulings have the full force and effect of the law." Id., at 87.[3] The Commission's interest, then, was in ensuring that whatever the outcome of the federal litigation, its enforcement of state antidiscrimination statutes would not be impeded. Intervention was granted for this purpose, notwithstanding the presence of other public entities in the litigation willing and able to defend their individual interests. Id.

Ultimately, the Commission has timely demonstrated an interest in this action which could be impaired by its eventual disposition, and which is not adequately protected by the existing parties. Floyd v. City of New York, 770 F.3d 1051, 1057 (2d Cir. 2014). By right or permission, the Commission should be allowed to intervene.

COMMISSION ON HUMAN RIGHTS
AND OPPORTUNITIES

By: /s/ Michael E. Roberts
Michael E. Roberts [ct30824]
Human Rights Attorney
Commission on Human Rights & Opportunities
450 Columbus Blvd., Ste. 2, Hartford CT 06103
Tel: (860) 541-4715 | Fax: (860) 246-5265
Email: michael.e.roberts@ct.gov

---

[3] See Conn. Gen. Stat. § 46a-81i (state facilities not to be used to further discrimination).

4

## CERTIFICATION

Electronic service will be made through CM/ECF transmission notice to:

Attorney Elizabeth Mott Smith
Attorney Johanna G. Zelman
Ford Harrison, LLP
185 Asylum St., Ste. 610
Hartford, CT 06103
esmith@fordharrison.com
jzelman@fordharrison.com

Attorney David S. Monastersky
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford, CT 06114-1190
dmonastersky@hl-law.com

Attorney Peter J. Murphy
Attorney Linda L. Yoder
Shipman & Goodwin, LLP
One Constitution Plaza
Hartford, CT 06103
pjmurphy@goodwin.com
lyoder@goodwin.com

Attorney Dan Barrett
American Civil Liberties Union – CT
765 Asylum Ave., 1st Fl.
Hartford, CT 06105
dbarrett@acluct.org

Attorney Joshua A. Block
Attorney James D. Esseks
Attorney Lindsey Kaley
Attorney Galen Sherwin
Attorney Chase Strangio
American Civil Liberties Union
125 Broad St., 18th Fl.
New York, NY 10004
jblock@aclu.org
jesseks@aclu.org
lkaley@aclu.org
gsherwin@aclu.org
cstrangio@aclu.org

Attorney Howard M. Wood, III
Phelon, Fitzgerald & Wood
773 Main St., Manchester, CT 06040
howard.wood@pfwlaw.com

Attorney Kristen Waggoner
Attorney Christiana M. Holcomb
Alliance Defending Freedom
440 First St. NW, Ste. 600
Washington, DC 20001
kwaggoner@adflegal.org
cholcomb@adflegal.org

Attorney Jeff Shafer
Attorney Roger Greenwood Brooks
Alliance Defending Freedom
15100 N. 90th St., Scottsdale, AZ 85260
jshafer@adflegal.org
rbrooks@adflegal.org

/s/ Michael E. Roberts
Michael E. Roberts [ct30824]