IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SELINA SOULE, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | No. 3:20-cv-00201-RNC |
| | ) | |
| CONNECTICUT ASSOCIATION OF | ) | |
| SCHOOLS, INC. *et al*, | ) | **CORRECTED REQUEST TO** |
| | ) | **PARTICIPATE** |
| *Defendants*, | ) | **IN MEET AND CONFER** |
| | ) | |
| and | ) | |
| | ) | March 18, 2020 |
| ANDRAYA YEARWOOD and THANIA | ) | |
| EDWARDS on behalf of her daughter, T.M., | ) | |
| | ) | |
| *Proposed Intervenors*. | ) | |
| | ) | |

**CORRECTED REQUEST FOR CLARIFICATION ON PARTICIPATION OF
PROPOSED INTERVENOR-DEFENDANTS
ANDRAYA YEARWOOD AND THANIA EDWARDS
ON BEHALF OF HER DAUGHTER T.M.
IN THE MEET AND CONFER SCHEDULED FOR MARCH 19, 2020**

The Defendants, the Connecticut Association of Schools, Inc. ("CIAC"), Bloomfield

Board of Education, Cromwell Board of Education, Danbury Board of Education, Canton Board

of Education and Glastonbury Board of Education (hereinafter collectively "the Defendants")

and Proposed Intervenor-Defendants, Andraya Yearwood and Thania Edwards on behalf of her

daughter T.M., (hereinafter collectively "the Proposed Intervenors") hereby respectfully request

clarification on the Proposed Intervenor's ability to participate in the meet and confer conference

set for March 19, 2020. Proposed Intervenors – who seek full party status in this matter – and

Defendants all support the Proposed Intervenor's participation. Defendants believe their

participation is necessary so that a comprehensive discussion can be conducted and a schedule be

devised that takes into account the needs of the Proposed Intervenors should their motion to intervene be granted. Their absence would require the parties to repeat the process if they were later granted intervenor status, which is an inefficient use of judicial and attorney resources. Plaintiffs oppose this motion and have taken the position that the Plaintiffs and Defendants should meet-and-confer and propose a schedule without Proposed Intervenors' participation, and then have *another* meet-and-confer to renegotiate a schedule and other matters if intervention is granted.

Approximately 48 hours after the Compliant and Motion for Preliminary Injunction were filed, Proposed Intervenors filed a notice alerting the Court they intended to intervene "so that they can fully participate in the scheduling process" for resolving the preliminary injunction motion.  ECF No. 20 at 1.  On February 27, 2020, this Court held a telephonic status conference to address how this case should proceed.  At the end of the conference, this Court directed Defendants to file position statements by March 13, 2020, and for the parties to meet-and-confer on March 19, 2020, "to discuss the needs of the case and propose a schedule." ECF No. 51. The Court also requested that briefing on the pending motions to intervene be completed quickly so the Court could rule in time for proposed intervenors to participate in the meet-and-confer if intervention were granted.  Proposed Intervenors submitted their reply memorandum in support of intervention the next day, on February 28, 2020.

Proposed Intervenors have no interest in obstructing or otherwise delaying the speedy resolution of the case.  To the contrary, allowing them to participate in the meet-and-confer will provide critical information that the parties need to know in order to determine "the needs of the case" with respect to the preliminary injunction motion. As part of formulating a schedule, the parties will need to decide whether to build in time for pre-hearing discovery, whether there will

be an evidentiary hearing, and how long the hearing will take.  Plaintiffs have moved for a preliminary injunction and proffered fact and expert witnesses in support of the motion. Proposed Intervenors have already retained an expert witness, and have collected declarations from several different fact witnesses, including Andraya Yearwood and T.M., in opposition to Plaintiffs' motion.  It is impossible for the parties to discuss the potential needs of the case without having Proposed Intervenors at the table to discuss which material questions of fact will need to be resolved.  *See Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994) (explaining that "the legal rights associated with formal intervention" include "briefing of issues" and "presentation of evidence").

Excluding Proposed Intervenors from participating in these critical discussions would also be contrary to the purpose behind Rule 24's timeliness requirement.  "The timeliness requirement forces interested non-parties to seek to intervene promptly so as not to upset the progress made toward resolving a dispute." *Grochocinski v. Mayer Brown Row & Maw*, LLP, 719 F.3d 785, 797 (7th Cir. 2013).  Here, Proposed Intervenors notified the Court of their forthcoming motion to intervene almost immediately after the Complaint was filed, and before counsel for Defendants had even been served.  Excluding Proposed Intervenors from participating in identifying the needs of the case and proposing an appropriate schedule would defeat the purpose of timely motions for intervention and create more disruption in the event that the motion to intervene is ultimately granted.  *See Davis v. Lifetime Capital, Inc.,* 560 F. App'x 477, 491 (6th Cir. 2014) ("Had the lower court resolved the motion to intervene more promptly, the disruptive effect on nearly concluded proceedings would have been substantially less than it may now be. But such delay is not a basis on which to bar intervention due to the state of progress of the proceedings.").

Finally, Plaintiffs' proposal, to conduct a *second* meet and confer when and if this court grants the Proposed Intervenors intervenor status is a complete an utter waste of time and resources. Participation of the Proposed Intervenors will not substantially alter how the Thursday meet-and-confer will be conducted, but their absence will increase the Defendants costs by requiring Defendants to participate in two meet and confers. It would also be a waste of judicial resources since the Court will have to review the first report, only to review a second one if the motion to intervene is then granted. The more prudent course of action is to allow the Proposed Intervenors the right to participate in the initial meet and confer on Thursday, March 19, 2020.

WHEREFORE, for all those reasons set forth above, Defendants and Proposed Intervenors request clarification on Proposed Intervenors' participation in the March 19, 2020 meet and confer conference.

THE DEFENDANTS

BY: /s/ Peter J. Murphy
PETER J. MURPHY (ct26825)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: 860-251-5950
Facsimile: 860-251-5316
Email: pjmurphy@goodwin.com
For Connection Association of School and
the Danbury Board of Education

BY: /s/ Johanna G. Zelman
Johanna G. Zelman [ct26966]
Elizabeth M. Smith
FordHarrison, LLP
CityPlace II
185 Asylum Street, Suite 610
Hartford, CT 06103
Telephone: 860-740-1355
Facsimile: 860-578-2075
Email: jzelman@fordharrison.com
For the Cromwell Board of Education and
the Bloomfield Board of Education

INTERVENOR –CHRO

By /s/ Michael E. Roberts
Michael E. Roberts [ct30824]
CHRO
450 Columbus Boulevard, Suite 2
Hartford, CT 06103
Tel #:  860-541-4715
Fax #:  860-246-5265
Email:  Michael.e.roberts@ct.gov

BY: /s/ David Monastersky
David S. Monastersky
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 061114
Telephone: 860-249-1361
Facsimile: 860-249-7665
Email: dmonastersky@hl-law.com
For the Canton Board of Education and the
Glastonbury Board of Education

___/s/ Dan Barrett____
Dan Barrett (# ct29816)
ACLU Foundation of Connecticut
765 Asylum Avenue, 1st Floor
Hartford, CT 06105
(860) 471-8471
e-filings@acluct.org
Chase Strangio*
Joshua A. Block*
Lindsey Kaley*
James D. Esseks*
Galen Sherwin*
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
cstrangio@aclu.org
jblock@aclu.org
lkaley@aclu.org
jesseks@aclu.org
gsherwin@aclu.org
*Admitted pro hac vice

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of March, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Howard M. Wood, III, Esq.
Phelon, Fitzgerald & Wood
773 Main Street
Manchester, CT 06040
howard.wood@pfwlaw.com
*Attorney for Plaintiffs Selina Soule, Chelsea Mitchell and Alana Smith*

Peter Joseph Murphy, Esq.
Linda L. Yoder, Esq.
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
lyoder@goodwin.com
pjmurphy@goodwin.com
*Attorneys for Connecticut Association of Schools, Inc. d/b/a CIAC and Danbury BOE*

Kristen Waggoner, Esq.
Christiana M. Holcomb, Esq.
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
kwaggoner@adflegal.org
cholcomb@adflegal.org
*Attorney for Plaintiffs Selina Soule, Chelsea Mitchell and Alana Smith*

David S. Monastersky, Esq.
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190
dmonastersky@hl-law.com
*Attorney for Defendants Glastonbury BOE and Canton BOE*

Jeff Shafer, Esq.
Roger Greenwood Brooks, Esq.
15100 N. 90th Street
Scottsdale, AZ 85260
jshafer@adflegal.org
rbrooks@adflegal.org
*Attorney for Plaintiffs Selina Soule, Chelsea Mitchell and Alana Smith*

Michael E. Roberts, Esq.
CHRO
450 Columbus Boulevard, Suite 2
Hartford, CT 06103
Michael.e.roberts@ct.gov
*Attorney for Intervenor Defendant CHRO*

Dan Barrett, Esq.
American Civil Liberties Union – CT
765 Asylum Avenue, 1st Floor
Hartford, CT 06105
dbarrett@acluct.org
*Attorney for Intervenors Andraya Yearwood*
*and Thania Edwards*

Chase Strangio, Esq.
Galen Sherwin, Esq.
James D. Esseks, Esq.
Joshua A. Block, Esq.
Lindsey Kaley, Esq.
ACLU
125 Broad Street, 18th Floor
New York, NY 10004
cstrangio@aclu.org
gsherwin@aclu.org
jesseks@aclu.org
jblock@aclu.org
lkaley@aclu.org
*Attorney for Intervenors Andraya Yearwood*
*and Thania Edwards*

/s/ Johanna Zelman

Johanna G. Zelman

WSACTIVELLP:11356204.1