UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SELINA SOULE, a minor, by Bianca Stanescu, her mother; CHELSEA MITCHELL, a minor, by Christina Mitchell, her mother; ALANNA SMITH, a minor, by Cheryl Radachowsky, her mother,<br><br>*Plaintiffs,*<br><br>v.<br><br>CONNECTICUT ASSOCIATION OF SCHOOLS d/b/a CONNECTICUT INTERSCHOLASTIC ATHLETIC CONFERENCE; BLOOMFIELD PUBLIC SCHOOLS BOARD OF EDUCATION; CROMWELL PUBLIC SCHOOLS BOARD OF EDUCATION; GLASTONBURY PUBLIC SCHOOLS BOARD OF EDUCATION; CANTON PUBLIC SCHOOLS BOARD OF EDUCATION; DANBURY PUBLIC SCHOOLS BOARD OF EDUCATION,<br><br>*Defendants.* | Case No.: 3:20-cv-00201-RNC<br><br>**MEMORANDUM IN OPPOSITION TO REQUEST OF NON-PARTIES TO PARTICIPATE IN CASE PLANNING MEET & CONFER**<br><br>March 18, 2020 |

    The non-parties Andraya Yearwood and T.M. (the Proposed Individual Intervenors) assert that their participation in the case-planning meet-and-confer "will not substantially alter how the meet-and-confer is conducted" (*Request to Participate* at 4, ECF No. 65) yet simultaneously insist that they must be included. Plaintiffs respectfully submit that including nonparties in this conference *will* "alter how the meet-and-confer is conducted," increasing confusion and reducing the likelihood of productive agreement on a plan for management and progress of Plaintiffs' preliminary injunction motion.

1

Plaintiffs believe that the Court has already if implicitly addressed this question, directing the parties to meet and confer about case planning, while directing Plaintiffs to confer with counsel for the Proposed Individual Intervenors and CHRO only about possible limitations that might govern their intervention if allowed. Plaintiffs submit that this was and is the correct division of discussions. With good reason, Fed. R. Civ. P. 26(f) directs "parties" to confer about discovery planning and case scheduling—not all persons who may have relevant information or an interest in the outcome of a case. It is common that non-parties possess information that will be the subject of discovery and introduction into evidence (*see Request to Participate* at 3, ECF No. 65), but the inclusion of such non-parties in case management conferences would be both unwieldy and unnecessary. As their joint filing of this *Request to Participate* illustrates, counsel for Defendants and for the Proposed Intervenors are able to confer and coordinate in advance of the conference, and that should suffice to meet all the concerns they raise in their filing.

Whether the Proposed Individual Intervenors or CHRO will be permitted to intervene, and if so subject to what limitations, remains to be decided. It will not be practical for the parties to negotiate proposed schedules for a range of hypothetical answers to this question. It is likely that if the Court subsequently authorizes some intervention by the Proposed Individual Intervenors or CHRO, their involvement can be accommodated within whatever schedule the Court has set. Possibly, some revision might be required. But it is more efficient to cross that bridge when we come to it, than to attempt to anticipate, and plan for, all possible bridges. For that matter, in the present unprecedented and unpredictable circumstances of closures and travel restrictions caused by the COVID-19 virus, it seems highly likely that the parties will need to be conferring and flexible on an ongoing basis in any case. Any "burden" from subsequent discussions about revisions to deadlines to meet new circumstances will be slight.

Plaintiffs have a motion for a preliminary injunction and a request to expedite the decision of that preliminary injunction motion pending before this Court; they have no interest in delay or unnecessary effort. Plaintiffs have opposed the request of non-parties to participate in the case planning meeting currently scheduled for March 19 precisely because they believe that participation will produce dispute and delay rather than efficiency.

Respectfully submitted this 18th day of March, 2020.

By: *s/ Roger G. Brooks*

Roger G. Brooks
CT Fed. Bar No. PHV10498
Jeffrey A. Shafer
CT Fed. Bar No. PHV10495
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Fax: (480) 444-0028
Email: rbrooks@ADFlegal.org
Email: jshafer@ADFlegal.org

Kristen K. Waggoner
CT Fed. Bar No. PHV10500
Christiana M. Holcomb
CT Fed. Bar No. PHV10493
Alliance Defending Freedom
440 First St. NW, Suite 600
Washington, D.C. 20001
Telephone: (202) 393-8690
Fax: (202) 347-3622
Email: kwaggoner@ADFlegal.org
Email: cholcomb@ADFlegal.org

Howard M. Wood III
CT Bar No. 68780, CT Fed. Bar No. 08758
James H. Howard
CT Bar No 309198, CT Fed. Bar No 07418
Fiorentino, Howard & Petrone, P.C.
773 Main Street
Manchester, CT 06040
Telephone: (860) 643-1136

Fax: (860) 643-5773
Email: howard.wood@pfwlaw.com
Email: james.howard@pfwlaw.com

Attorneys for Plaintiffs

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2020, a copy of the foregoing Memorandum in Opposition To Request of Non-Parties To Participate in Case Planning Meet & Confer was filed electronically with the Clerk of Court. Service on all parties will be accomplished by operation of the court's electronic filing system.

*s/ Roger G. Brooks*
Attorney for Plaintiffs
