# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SELINA SOULE, a minor, by Bianca Stanescu, her mother; CHELSEA MITCHELL, a minor, by Christina Mitchell, her mother; ALANNA SMITH, a minor by Cheryl Radachowsky, her mother, | : : : : : : | 3:20-cv-00201-RNC |
| *Plaintiffs* | : : | |
| v. | : : | |
| CONNECTICUT ASSOCIATION OF SCHOOLS, INC. d/b/a CONNECTICUT INTERSCHOLASTIC ATHLETIC CONFERENCE; BLOOMFIELD PUBLIC SCHOOLS BOARD OF EDUCATION; CROMWELL PUBLIC SCHOOLS BOARD OF EDUCATION; GLASTONBURY PUBLIC SCHOOLS BOARD OF EDUCATION; CANTON PUBLIC SCHOOLS BOARD OF EDUCATION; DANBURY PUBLIC SCHOOLS BOARD OF EDUCATION | : : : : : : : : : : : : : | March 27, 2020 |
| *Defendants.* | | |

## JOINT RESPONSE OF PARTIES AND PROPOSED INTERVENORS REGARDING "MEET AND CONFER" ON CONDITIONS OF INTERVENTION

Pursuant to the Court's instructions to meet and confer regarding whether or what conditions should be placed on Proposed Intervenors if intervention is granted, the parties and Proposed Intervenors submit this joint summary of the results from their meet and confer discussions.

### Position of Plaintiffs

For reasons set out in their previous briefs (ECF 47, ECF 60), Plaintiffs believe that that neither the individuals proposed intervenors Yearwood and T.M. nor the CHRO should be

1

permitted to intervene. However, if either or both are permitted to intervene, the Plaintiffs submit that fairness, efficient case management, and the purported interests of the individuals and of the CHRO call for certain specific limitations governing their participation as follows:

**Limited participation by CHRO:**

- Plaintiffs and CHRO are agreed that if permitted to intervene, CHRO's participation should be limited such that CHRO may not propound discovery, including taking depositions and serving discovery requests, although CHRO would not be precluded from, e.g., attending depositions or receiving copies of materials provided in discovery.

- Proposed intervenor CHRO claims only an abstract interest in the case, in particular claiming expertise with respect to a Connecticut state law including a state analogue to Title IX, and the interaction of that law with federal law. Accordingly, Plaintiffs submit that CHRO's stated interests could be satisfied by means of a single brief stating CHRO's views on such legal issues during the preliminary injunction process, deciding at a later time the question of whether CHRO may file an additional single brief stating its views of the law in connection with summary judgment or trial on the merits.

**Limited participation by Yearwood and T.M.:**

- Due to their commonality of interest with the named defendants, and to avoid unfair burden on Plaintiffs, any participation in discovery by Yearwood and T.M. should be covered within any limits on discovery set by the Court with respect to the existing parties, such as numbers of interrogatories to be served or depositions to be taken by each side.

- For the same reason, the participation of Yearwood and T.M. should not increase any time allocations made by the Court to defendants at any hearing or trial.

- Prior to any motion, response, or brief that proposed intervenors would contemplate filing, counsel for Yearwood and T.M. should first confer with counsel for named defendants to identify if proposed intervenors would present any categories of legal claim or argument different from those to be presented by the named defendants. If not, intervenors should join defendants' filing, and in any case should not make any separate filing containing the same or closely similar legal claim or arguments—even if styled differently. Proposed intervenors' filing should thus be limited to claims unique to them, with a corresponding tailored page limitation.

Whether intervention is by right or permissive, it is proper and common for courts to impose restrictions on the participation of intervenors. The Advisory Committee Note to the 1966 Amendment of Rule 24(a) recites: "An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." As the Fifth Circuit summarizes, "it is now a firmly established principle that reasonable conditions may be imposed even upon one who intervenes as of right." *Beauregard Inc. v. Sword Servs.*, LLC, 107 F.3d 351, 352-53 (5th Cir. 1997) (citations omitted). *See also San Juan Cty. v. United States*, 503 F.3d 1163, 1189 (10th Cir. 2007) (en banc), abrogated on other grounds by *Hollingsworth v. Perry*, 570 U.S. 693 (2013) ("just because no party will adequately represent one particular interest of the applicant does not mean that the applicant must be allowed to participate in the litigation of other matters

concerning which its interests are adequately represented."); *Kirkland v. New York State Dept. of Correctional Servs.*, 711 F.2d 1117, 1126 (2d Cir. 1983) ("the sum of rights possessed by an intervenor, even if granted unconditional intervention, is not necessarily equivalent to that of a party in a case"); *United States v. Duke Energy Corp.*, 171 F.Supp.2d 560, 565-66 (M.D.N.C. 2001) (limitations on discovery participation).

Restrictions on the scope and nature of participation by permissive intervenors have likewise been repeatedly approved to avoid undue burden and further efficient case management. As Justice Brennan observed, "Even highly restrictive conditions may be appropriately placed on a permissive intervenor, because such a party has by definition neither a statutory right to intervene nor any interest at stake that the other parties will not adequately protect or that it could not adequately protect in another proceeding." *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 382 n.1 (1987) (Brennan, J., concurring). In *Stringfellow*, the Supreme Court reviewed without critique the district court's limitation of the intervenor that it "was permitted to participate to the extent not duplicative of other parties." *Id*. at 378.

Specifically on the point of avoiding duplicative briefing, the court in *Earthworks v. U.S. Dept. of the Interior*, 2010 WL 3063143 (D.D.C. 2010) limited the state intervenor's participation in the case by requiring it "shall consult with the federal defendants and intervenor-defendants as this case proceeds and may only present to the Court arguments that those other parties do not advance." *Id*. at *2. Similarly, the court in *Wildearth Guardians v. Salazar*, 272 F.R.D. 4 (D.D.C. 2010), imposed conditions on the intervenors that included that they "meet and confer prior to the filing of any motion, responsive filing, or brief to determine whether their positions may be set forth in a consolidated fashion," and if not consolidated, to explain the need for separate filings. *Id*. at 21.

As the cases cited above illustrate, Courts regularly find aspirations or assurances of cooperation and efficiency to be an inadequate safeguard against duplication and undue burden, and instead impose binding limitations on intervenors. Proposed Intervenors Yearwood and T.M., however, have declined to propose or agree to any concrete limitations should their motion to intervene be granted.

**Position of Defendants**

As noted in their prior filings with the Court, the Board of Education defendants and the CIAC supports the motion to intervene filed by the CHRO. The proposed limitations on identified by the CHRO below in regard to its participation in this case are reasonable, and the Defendants support the CHRO's suggestion.

The Defendants all also support the motion to intervene filed by Ms. Yearwood and T.M., the two students who Plaintiffs specifically seek to bar from competing in girls' outdoor track events in the final season of high school eligibility.  Given the novel issue of law presented in this case, Plaintiffs' decision to direct specific allegations against Ms. Yearwood and T.M., and Plaintiffs' stated request for a preliminary injunction directed toward Ms. Yearwood and T.M., the Defendants believe that both of them should be admitted as parties to this action.  If the Court allows them to intervene as parties, they should be permitted the full rights of parties.  The Defendants state, however, that they will work amongst themselves and with counsel for Ms. Yearwood and T.M. to avoid any duplicative briefing or discovery, and to conduct this case in the most efficient way possible for the parties and the Court.

**Position of Andraya Yearwood and Thania Edwards on behalf of her daughter, T.M.**

"[A]s a general rule, intervenors are permitted to litigate fully once admitted to a suit," *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997), and

"[w]hen a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party," *Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985); *accord In re Holocaust Victim Assets Litig.*, No. 14-CV-00890 ERK JO, 2014 WL 2440612, at *8 (E.D.N.Y. May 30, 2014); Wright & Miller, *Status of Intervenor*, 7C Fed. Prac. & Proc. Civ. § 1920 (3d ed.).

The Plaintiffs have identified no special reason for departing from the "general rule" in this case. A district court has discretion to place "appropriate conditions or restrictions" on intervenors as of right to maintain of "efficient conduct of the proceedings." Fed. R. App. P. 24 advisory committee notes. But such conditions must be "reasonable and of a housekeeping nature." Wright & Miller, *Conditions on Intervention*, 7C Fed. Prac. & Proc. Civ. § 1920 (3d ed.); *accord Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 974 F.2d 450, 470 (4th Cir. 1992); *Am. Great Lakes Ports Ass'n v. Zukunft*, No. CV 16-1019 (RC), 2016 WL 8608457, at *6 (D.D.C. Aug. 26, 2016). Other courts have consistently allowed transgender students to intervene in similar cases without imposing onerous conditions that do not apply to other litigants. *Meriwether v. Trustees of Shawnee State Univ.*, No. 1:18-CV-753, 2019 WL 2052110, at *13 (S.D. Ohio May 9, 2019); *Privacy Matters v. U.S. Dep't of Educ.*, No. 16-CV-3015 (WMW/LIB), 2016 WL 6436658, at *3 (D. Minn. Oct. 27, 2016); *Bd. of Educ. of the Highland Local Sch. Dist. v. U.S. Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *4 (S.D. Ohio Aug. 15, 2016).

Of course, an intervenor-defendant—like an original defendant—has an obligation to facilitate the "just, speedy, and inexpensive determination" of case. Fed R. Civ. P. 1. If intervention is granted, Andraya and Terry would work cooperatively with the original defendants to coordinate discovery and briefing. It is in everyone's interests—including

Andraya's and Terry's—to avoid submitting unnecessary or duplicative filings whenever possible. And the Court can ensure parity between the number of discovery requests and amount of argument time allotted to Plaintiffs and all the Defendants collectively. But such concerns are best addressed in the context of a routine case-management order.  Plaintiffs fail to offer any justification for the "arbitrary and unnecessarily punitive" restrictions they seek to place on Proposed Intervenors. *Dacotah Chapter of Sierra Club v. Salazar*, No. 1:12-CV-065, 2012 WL 3686742, at *3 (D.N.D. Aug. 27, 2012). The court should "decline[] to hamstring Proposed Intervenors in this fashion." *Christa McAuliffe Intermediate Sch. PTO, Inc., v. De Blasio*, No. 18 CIV. 11657 (ER), 2020 WL 1432213, at *8 (S.D.N.Y. Mar. 24, 2020). Imposing additional gratuitous restrictions on Andraya and Terry "would defeat the purpose of intervention as of right" and "water down [intervenors'] arguments, obscuring their divergent interests." *WildEarth Guardians v. Bernhardt*, No. 1:19-CV-00505-RB-SCY, 2020 WL 672836, at *5 (D.N.M. Feb. 11, 2020).

Instead, "the purposes of Rule 24 are best served by permitting the prospective intervenors to engage in all aspects of this litigation." *The Wilderness Soc. v. Babbitt*, 104 F. Supp. 2d 10, 18 (D.D.C. 2000); *see also Doe by & through Doe v. Boyertown Area Sch. Dist.*, 276 F. Supp. 3d 324, 364 (E.D. Pa. 2017), *aff'd*, 890 F.3d 1124 (3d Cir. 2018), and *aff'd*, 897 F.3d 518 (3d Cir. 2018) (denying preliminary injunction that would have barred transgender students from using restrooms and relying heavily on briefs and expert testimony submitted by intervenors); *Ass'n of Conn. Lobbyists LLC v. Garfield*, 241 F.R.D. 100, 103 (D. Conn. 2007) (granting intervention because the intervenor will help "contribute to full development of the underlying factual issues and to the just and equitable adjudication of the legal questions presented").

**Position of the Commission on Human Rights and Opportunities**

The Commission has moved to intervene for the purpose of vindicating and protecting interests that may be implicated by this case, but which are not adequately represented by other parties. To that end, should intervention be granted the Commission would seek to submit filings to the Court as necessary to articulate its legal position. This would include, but not be limited to, motions, responses, and briefs. The Commission would also seek to participate in discovery, but would not seek to propound its own separate discovery requests. Such terms are well within the scope of intervention which has previously been granted to the Commission in federal matters. *See, e.g., Boy Scouts of Am. v. Wyman*, 335 F.3d 80, 87 (2d Cir. 2003) (noting Commission's filing of a motion for summary judgment after the completion of discovery). The Commission would make every reasonable effort, however, to prevent the submission of unnecessary or duplicative filings whenever possible through coordination with the other defendants.


THE PLAINTIFFS
BY:  /s/ Roger G. Brooks
Roger G. Brooks
CT Fed. Bar No. PHV10498
Jeffrey A. Shafer
CT Fed. Bar No. PHV10495
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Fax: (480) 444-0028
Email: rbrooks@ADFlegal.org
Email: jshafer@ADFlegal.org

Kristen K. Waggoner
CT Fed. Bar No. PHV10500
Christiana M. Holcomb
CT Fed. Bar No. PHV10493
Alliance Defending Freedom
440 First St. NW, Suite 600

Washington, D.C. 20001
Telephone: (202) 393-8690
Fax: (202) 347-3622
Email: kwaggoner@ADFlegal.org
Email: cholcomb@ADFlegal.org

Howard M. Wood III
CT Bar No. 68780, CT Fed. Bar No. 08758
James H. Howard
CT Bar No 309198, CT Fed. Bar No 07418
Fiorentino, Howard & Petrone, P.C.
773 Main Street
Manchester, CT 06040
Telephone: (860) 643-1136
Fax: (860) 643-5773
Email: howard.wood@pfwlaw.com
Email: james.howard@pfwlaw.com


THE DEFENDANTS

BY:  /s/ Peter J. Murphy
PETER J. MURPHY (ct26825)
LINDA L YODER (ct01599)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: 860-251-5950
Facsimile: 860-251-5316
Email: pjmurphy@goodwin.com
For Connection Association of School and the Danbury Board of Education

BY:  /s/ Johanna G. Zelman
Johanna G. Zelman (ct26966)
Elizabeth M. Smith
FordHarrison, LLP
CityPlace II
185 Asylum Street, Suite 610
Hartford, CT 06103
Telephone: 860-740-1355
Facsimile: 860-578-2075
Email: jzelman@fordharrison.com
For the Cromwell Board of Education and the Bloomfield Board of Education

BY:  /s/ David S. Monastersky
David S. Monastersky (ct13319)
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 061114
Telephone: 860-249-1361
Facsimile: 860-249-7665
Email: dmonastersky@hl-law.com
For the Canton Board of Education and the Glastonbury Board of Education


THE PROPOSED INTEVENORS
BY:  /s/ Dan Barrett
Dan Barrett (# 29816)
ACLU Foundation of Connecticut
765 Asylum Avenue, 1st Floor
Hartford, CT
06105
(860) 471-8471
e-filings@acluct.org

Chase Strangio*
Joshua A. Block*
Lindsey Kaley*
James D. Esseks*
Galen Sherwin*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
cstrangio@aclu.org
jblock@aclu.org
lkaley@aclu.org
jesseks@aclu.org
gsherwin@aclu.org
* *Pro hac vice*
For Andraya Yearwood and Thania Edwards on behalf of her daughter, T.M.

BY:  /s/ Michael Roberts
Michael E. Roberts (# ct30824)
Commission on Human Rights and Opportunities
450 Columbus Boulevard, Suite 2
Hartford, CT 06103
(860) 541-4715
michael.e.roberts@ct.gov
For the Connecticut Commission on Human Rights and Opportunities