UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SELINA SOULE, a minor, by Bianca Stanescu, her mother; CHELSEA MITCHELL, a minor, by Christina Mitchell, her mother; ALANNA SMITH, a minor by Cheryl Radachowsky, her mother, | : : : : : : | 3:20-cv-00201-RNC |
| *Plaintiffs* | : : | |
| v. | : : | |
| CONNECTICUT ASSOCIATION OF SCHOOLS, INC. d/b/a CONNECTICUT INTERSCHOLASTIC ATHLETIC CONFERENCE; BLOOMFIELD PUBLIC SCHOOLS BOARD OF EDUCATION; CROMWELL PUBLIC SCHOOLS BOARD OF EDUCATION; GLASTONBURY PUBLIC SCHOOLS BOARD OF EDUCATION; CANTON PUBLIC SCHOOLS BOARD OF EDUCATION; DANBURY PUBLIC SCHOOLS BOARD OF EDUCATION | : : : : : : : : : : : : : | April 6, 2020 |
| *Defendants.* | | |

### PARTIES' JOINT RESPONSE FROM
### MEET-AND-CONFER CONCERNING CASE SCHEDULING IN THE EVENT
### OF COMPLETE CANCELLATION OF SPRING SEASON

Pursuant to the Court's March 28, 2020 case management order, the parties submit this joint summary of the results from their meet-and-confer concerning a proposed schedule for this case if the Spring CIAC sports season is entirely cancelled. The individuals who participated in the April 1, 2020 phone call and subsequent email exchanges were the following:

1

For Plaintiffs Selina Soule, Chelsea Mitchell, and Alanna Smith: **Roger Brooks, Esq. and Jeffrey Shafer, Esq.**

For Bloomfield Board of Education and Cromwell Board of Education: **Johanna Zelman, Esq.**

For Glastonbury Board of Education and Canton Board of Education: **David Monastersky, Esq.**

For Danbury Board of Education and the Connecticut Association of Schools, Inc., d/b/a Connecticut Interscholastic Athletic Conference (CIAC): **Peter J. Murphy, Esq. and Linda L. Yoder, Esq.**

For Proposed Intervenors Andraya Yearwood and Thania Edwards on behalf of her daughter, T.M. (listening only): **Joshua Block, Esq., Dan Barrett, Esq., and Chase Strangio, Esq.**

For Proposed Intervenor Connecticut Commission on Human Rights and Opportunities (listening only): **Michael Roberts, Esq.**

I.   ISSUES TO BE TRIED:

   A.   <u>Plaintiffs' Position:</u>  All issues remain in litigation

      1.   Declarative relief as to whether Policy violates Title IX

      2.   Declarative relief as to violations by schools on stated theories

      3.   Injunctive relief to require correction of records

      4.   Injunctive relief against future competition from male athletes in violation of Title IX

      5.   Damages

    B.    Defendants' Position:

        1.    Defendants accept Plaintiffs' statement of the issues they will pursue if the Spring season is cancelled.  Defendants reserve their right to contest Plaintiffs' ability to seek such relief in this matter, however. At this time, Defendants note that two of the Plaintiffs are graduating this Spring, as are Ms. Yearwood and T.M., and therefore Plaintiffs' claims for injunctive relief concerning future competitions may be moot.

II.    SCHEDULE:

    A.    Overview

        1.    Plaintiffs' Position

If the CIAC Spring season is entirely cancelled, then Plaintiffs expect that pursuant to the challenged CIAC Policy, at least one Plaintiff must expect to face competition from male athletes in the Winter 2021 Indoor Track season, which begins in December, although it will likely not be possible to know this with certainty until that season begins.

With the substantial extra time that cancellation of the Spring season would afford, Plaintiffs submit that the Court should set a schedule that will allow for a preliminary injunction hearing, if needed, at a date that leaves ample time for the Court to issue a decision prior to the start of the Winter season. A comparison against the schedules proposed by the parties in their joint submission dated March 27, 2020, confirms that there is time to do so.

        2.    Defendants' Position

If the CIAC Spring season is entirely cancelled, which is more likely with each passing day, then there is simply no factual basis at this time for Plaintiffs to seek a preliminary injunction for 2020-21 indoor season.  As alleged in the Complaint, Plaintiffs C.M. and S.S. will graduate this Spring, as will T.M. and Ms. Yearwood.  Plaintiff A.S. will be a junior next year, but there is no indication in the complaint that she ran indoor track during her freshman or sophomore season, or any allegation that she will run it during the 2020-2021 school year.  The Complaint does not allege any other transgender athletes have had any involvement in girls track, much less the events in which Plaintiff A.S. has competed.  More importantly, the Complaint does not allege any other transgender athletes have impacted events in which Plaintiff A.S. has competed or may compete in future.

Absent even an allegation of such harm, A.S. would have no basis for a preliminary injunction hearing. Defendants have proposed a schedule that accords with schedules typically issued for litigation in this District.  Under Defendants' proposed

schedule, the parties will complete discovery by the end of 2020.  Practice for the indoor track season does not usually commence until December.  To the extent Plaintiffs believe an injunction is necessary at some point during the 2020-21 indoor season, such reality would not even become potentially apparent if and until Plaintiff A.S. participates in indoor track and competes against an unidentified transgender athlete and is negatively impacted.  The Defendants' proposed schedule completes full discovery in which to hold such hypothetically necessary injunction hearing.

    B.    <u>Motion(s) to Dismiss</u>

        1.    <u>Plaintiffs' Position</u>

The case was filed almost two months ago. The Court should now require the Defendants to answer, or file motions to dismiss, without further delay, and set a briefing schedule. It is, in fact, essentially certain that one or more motions to dismiss will be filed. The Court should not accept Defendants' invitation merely to set a schedule to discuss setting a schedule for briefing motions to dismiss.

Plaintiffs propose the following schedule:

> a)    Defendants to Move or Answer by **April 20**. (This was the date to "respond to the Complaint" proposed by the Defendants in the March 27 Joint Submission);
>
> b)    Plaintiffs' Opposition(s) to any motion(s) to dismiss:  **May 11**;
>
> c)    Defendants' Reply in support of any motion(s) to dismiss: **May 26**;
>
> d)    Argument on motion(s) to dismiss (conducted remotely, if necessary):  **Week of June 1**.

        2.    <u>Defendants' Position</u>

> Defendants' answer or request pre-filing conference for Rule 12 motions by **April 20**. Briefing schedule to be determined in pre-filing conference.

    C.    <u>Motions to join parties.</u>

        1.    <u>Plaintiffs' Position</u>

Addition of parties should be permitted in accordance with the Federal Rules of Civil Procedure, or by motion for good cause shown. Plaintiffs believe that no other deadline for motions for leave to add parties should be set now.

       2.    <u>Defendants' Position</u>

          a)    Motions to join additional parties to be made by **April 20, 2020**;

          b)    Any opposition by **May 11, 2020**;

          c)    Any reply brief by **May 26, 2020**;

          d)    Argument at the Court's convenience if necessary.

D.    <u>Fact Discovery</u>

    1.    <u>Agreed Aspects</u>

Discovery will not be conducted in phases. Fact discovery may be commenced immediately.

While the parties recognize that depositions can be taken remotely, they intend to work together cooperatively to schedule depositions if possible so that defending counsel may be physically present with the deponent.

The parties reserve the right to seek permission to serve discovery requests or deposition notices beyond the default limits provided by federal and local rules, but no party makes such a request now. The parties likewise reserve the right to oppose any such requests that may be made.

    2.    <u>Plaintiffs' Position</u>

        a)    Fact discovery shall be concluded by **July 24, 2020**.

        b)    A damages analysis will be provided by any party who has a claim or counterclaim for damages other than damages in compensation for emotional distress by **May 30, 2020**.

    3.    <u>Defendants' Position</u>

        a)    Fact discovery shall be concluded by **December 31, 2020**.

        b)    Defendants and proposed intervenors request that the Court rule on the pending Motions to Intervene as soon as possible, as the results of that ruling will impact how discovery is conducted in regard to Ms. Yearwood and T.M. in particular. The proposed intervenors also may have separate arguments to make on Rule 12 motions.

   c) A damages analysis will be provided by any party who has a claim or counterclaim for damages by **May 30**, **2020**.

   d) Any depositions may commence after June 1, 2020.

E. <u>Expert Disclosures and Depositions</u>

 1. <u>Plaintiffs' Position</u>

All expert discovery should be completed in time to be made part of any preliminary injunction motion, which should be expected to be filed in late summer or early fall. Specifically:

   a) Expert disclosures on any topic on which the party bears the burden of proof shall be due **May 15**.

   b) Opposition expert disclosures shall be due **June 12**.

   c) Rebuttal expert disclosures shall be due **July 17**.

   d) Expert depositions may begin at any time and must be completed by **August 21**. Other than specifying this end date, there is no reason to impose any limits on the time at which a party may depose an opposing expert.

 2. <u>Defendants' Position</u>

   a) Plaintiffs' expert disclosures **due May 1, 2020**.

   b) Defendants depose Plaintiffs' experts by **June 15, 2020**.

   c) Defendants expert disclosures due by **July 30, 2020**.

   d) Plaintiffs depose Defendants' experts by **September 15, 2020**.

   e) Plaintiffs' rebuttal expert disclosures due **October 30, 2020**.

   f) Defendants depose Plaintiffs rebuttal experts by **December 15, 2020**

F. <u>Status Report at the Close of Discovery, Preliminary Injunction Motion, and Motions for Summary Judgment:</u>

1. <u>Plaintiffs' Position</u>

The parties shall confer and report to the Court **at the close of all discovery, August 21, 2020**, as to:

a) Whether plaintiffs will make a renewed motion for **preliminary injunction** in relation to any academic year 2020-2021 athletic season, and if so the parties' positions regarding scheduling of briefing and a hearing; and

b) Whether any party will move for **summary judgment**, and if so the parties' positions regarding scheduling of briefing and a hearing.

With this information, the Court can at that time set an appropriate briefing and hearing schedule for any such motion that either party wishes to file.

2. <u>Defendants' Position</u>

a) Defendants would respond to any requests for status report set by the Court during discovery.

b) Plaintiffs should make any request for preliminary injunction as early as they believe they have grounds for such a request.

c) Dispositive Motions will be filed by **February 28, 2021**.

G. <u>Joint Trial Memorandum and Trial Readiness</u>

1. <u>Plaintiffs' Position</u>

Because decisions by the parties as to whether to file a renewed motion for preliminary injunction or motions for summary judgment may materially affect the conduct of the case, the Court should set a schedule for submission of the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases, and a date by which the parties shall be trial ready, after receipt of the post-discovery Joint Report due on July 24.

2. <u>Defendants' Position</u>

a) The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **March 30,**

        **2021**, or thirty days after this court rules on any summary judgment motion filed by either party, whichever is later.

        b)    The case will be ready for trial thirty days after the joint trial memorandum is filed.

     As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFFS

BY: /s/ <u>Roger G. Brooks</u>
Roger G. Brooks
CT Fed. Bar No. PHV10498
Jeffrey A. Shafer
CT Fed. Bar No. PHV10495
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Fax: (480) 444-0028
Email: rbrooks@ADFlegal.org
Email: jshafer@ADFlegal.org

Kristen K. Waggoner
CT Fed. Bar No. PHV10500
Christiana M. Holcomb
CT Fed. Bar No. PHV10493
Alliance Defending Freedom
440 First St. NW, Suite 600
Washington, D.C. 20001
Telephone: (202) 393-8690
Fax: (202) 347-3622
Email: kwaggoner@ADFlegal.org
Email: cholcomb@ADFlegal.org

Howard M. Wood III
CT Bar No. 68780, CT Fed. Bar No. 08758
James H. Howard
CT Bar No 309198, CT Fed. Bar No 07418
Fiorentino, Howard & Petrone, P.C.
773 Main Street

Manchester, CT 06040
Telephone: (860) 643-1136
Fax: (860) 643-5773
Email: howard.wood@pfwlaw.com
Email: james.howard@pfwlaw.com


THE DEFENDANTS

BY: /s/ Peter J. Murphy
PETER J. MURPHY (ct26825)
LINDA L YODER (ct01599)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: 860-251-5950
Facsimile: 860-251-5316
Email: pjmurphy@goodwin.com
For Connection Association of School and the Danbury Board of Education

BY: /s/ Johanna G. Zelman
Johanna G. Zelman (ct26966)
Elizabeth M. Smith
FordHarrison, LLP
CityPlace II
185 Asylum Street, Suite 610
Hartford, CT 06103
Telephone: 860-740-1355
Facsimile: 860-578-2075
Email: jzelman@fordharrison.com
For the Cromwell Board of Education and the Bloomfield Board of Education

BY: /s/ David S. Monastersky
David S. Monastersky (ct13319)
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 061114
Telephone: 860-249-1361
Facsimile: 860-249-7665
Email: dmonastersky@hl-law.com
For the Canton Board of Education and the Glastonbury Board of Education