# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SELINA SOULE, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> CONNECTICUT ASSOCIATION OF SCHOOLS, INC. d/b/a CONNECTICUT INTERSCHOLASTIC ATHLETIC CONFERENCE, et al., <br><br> *Defendants.* | Case No.: 3:20-cv-00201-RNC <br><br> **PLAINTIFFS' PRELIMINARY STATEMENT OF RELIEF SOUGHT** <br><br> April 24, 2020 |

Plaintiffs submit this statement concerning injunctive relief pursuant to the Court's oral order during the telephonic hearing held on April 16, 2020.

Plaintiffs have not yet obtained any discovery concerning the origin, operation, and effect of the CIAC Policy as identified in the Amended Complaint (*see* Am. Compl. ¶¶ 71-74) ("the Policy"), and expect that their understanding of the scope of necessary and appropriate injunctive relief will become clearer based on facts learned in discovery and subsequent analysis, or may change in some respects depending on the scheduling of relevant competitions.

In this submission, Plaintiffs state their preliminary understanding regarding appropriate injunctive relief, recognizing that certain particulars may evolve as facts are gathered in discovery, and reserving all rights to seek "other and further relief as the Court deems appropriate" (Am. Compl., Prayer for Relief (H)).

1

Plaintiffs have prepared the summary below in light of CIAC's present declared intention to conduct some form of belated Spring 2020 track season if possible.

I. PLAINTIFFS SEEK DECLARATORY RELIEF AGAINST ALL NAMED DEFENDANTS.[1]

While Plaintiffs understand that declaratory relief granted under 28 U.S. C. § 2201 is distinct from injunctive relief, Plaintiffs note that all Plaintiffs seek declaratory relief in the form of:

  A. A declaration that, as a result of the adoption and application of the Policy, all Named Defendants have violated Title IX by failing to provide competitive opportunities that effectively accommodate the abilities of girls; and

  B. A declaration that, as a result of the adoption and application of the Policy, all Named Defendants have violated Title IX by failing to provide equal treatment, benefits, and opportunities for girls in athletic competition.

II. PLAINTIFFS SEEK INJUNCTIVE RELIEF AGAINST CIAC.

Plaintiffs contend that the violations alleged in each Count of the Amended Complaint independently justify the following injunctive relief against CIAC.

  A. <u>Injunction prohibiting further violation</u>: All Plaintiffs seek an injunction enjoining CIAC from application or enforcement of the disputed Policy so as to permit males[2] to participate in events that are designated for girls or women.

---

[1] By "Named Defendants," Plaintiffs refer to the defendants named in Plaintiffs' Amended Complaint, and not including the intervenor Defendants.

[2] In this document, Plaintiffs use the word "male" according to the meaning found in the Merriam-Webster Medical Dictionary: "[A]n individual of the sex that is typically capable of

B. <u>Injunction requiring correction of records</u>: All Plaintiffs seek an injunction requiring CIAC to correct any records maintained by CIAC to remove records of athletes with male bodies from any record or recognition relating to track and field competitions designated for girls or women, and conversely to correctly give credit and/or titles to female athletes and teams.

Races of which Plaintiffs are currently aware for which CIAC maintains public records and for which such corrections are needed are identified individually in the Amended Complaint in Tables 7 through 16. Records of the results of each such race, maintained by CIAC, which should be corrected pursuant to the requested injunction, are found at least at the public "CIAC Tournament Central" website, at http://ciacsports.com/site/?page_id=970 (Indoor or Winter track seasons) and at http://ciacsports.com/site/?page_id=972 (Outdoor or Spring track seasons).[3] Plaintiffs believe that CIAC also maintains records of non-championship races which it provides to websites run by other organizations, such as Athletic.net. If this is correct, CIAC should also correct any such records that it has provided to such organizations. CIAC also recognizes team and individual championships through presentation of award plaques. Correction of records by CIAC should include provision of awards reflecting the corrections described above.

Prior to discovery, Plaintiffs do not know in what other forms and locations CIAC may also keep relevant records.

---

producing small, usually motile gametes (such as sperm or spermatozoa) which fertilize the eggs of a female."

[3] At each of these two CIAC web pages, individual race records may be found by selecting the "CIAC Tournament Results" tab part way down the web page, then selecting the "Results" button beside the desired Year and Class, and finally selecting the "Event Results" tab.

III.　　PLAINTIFFS SEEK INJUNCTIVE RELIEF AGAINST DEFENDANT SCHOOLS.

Plaintiffs contend that the violations alleged in each Count of the Amended Complaint independently justify the following injunctive relief against the Named Defendants.

　　　A.　　<u>Injunction requiring correction of records</u>: Plaintiffs Selina Soule, Chelsea Mitchell, and Alanna Smith seek injunctions against Glastonbury Public Schools Board of Education, Canton Public Schools Board of Education, and Danbury Public Schools Board of Education respectively, requiring such Defendant to correct any records maintained by that Defendant in the manner described above.

In the case of Canton Board of Education, Canton maintains relevant records on a "Championship Tradition" website, http://cantonschools.org/content/150/2314/916/997/default.aspx.

In the case of Glastonbury Board of Education, Glastonbury maintains relevant records at https://sites.google.com/a/glastonburyus.org/athletics/about-us/state-championships.

Prior to discovery, Plaintiffs do not know in what other forms and locations Defendants Glastonbury, Canton and Danbury Boards of Education may also keep relevant records.

　　　B.　　<u>Injunction prohibiting further violation by registration of males to compete in girls' or women's track and field events</u>:

　　　　　1.　　Because each Defendant School has facilitated the Policy and has indicated ongoing support for the Policy, and because the structure of the Policy and of CIAC registration rules prevent Plaintiffs from knowing what school will register a male to compete in girls' track and field events until the season has actually started and it is too late to obtain an effective remedy, all Plaintiffs seek an injunction against all Defendant

Schools prohibiting each of them from registering any male to compete in girls' track and field events in the Spring 2020 season.

        2.     Plaintiffs Smith and Nicoletti seek the same injunctive relief with respect to subsequent seasons.

        C.     <u>Injunction prohibiting schools from providing competitive opportunities for girls through meets that effectuate the Policy that discriminates against girls in violation of Title IX</u>:

        1.     Plaintiffs Selina Soule, Chelsea Mitchell, and Alanna Smith seek injunctions against Glastonbury Board of Education, Canton Board of Education, and Danbury Board of Education respectively, enjoining each such Defendant School from providing competitive athletic opportunities in track and field for girls in the Spring 2020 season through sponsorship or organization of, or participation in, interscholastic athletic competitions that effectuate the Policy.

        2.     Plaintiff Smith seeks the same injunctive relief with respect to subsequent seasons.

IV.    PLAINTIFFS SEEK DAMAGES FROM ALL NAMED DEFENDANTS.

The Court's order did not require any further statement from Plaintiff concerning damages. However, for clarity, Plaintiffs state that Plaintiffs seek damages against Defendants as follows:

        1.     All Plaintiffs seek nominal and compensatory damages from CIAC;

        2.     Plaintiff Soule seeks nominal and compensatory damages against Bloomfield, Cromwell, and Glastonbury Boards of Education;

        3.     Plaintiff Mitchell seeks nominal and compensatory damages against Bloomfield, Cromwell, and Canton Boards of Education;

4. Plaintiff Smith seeks nominal and compensatory damages against Bloomfield and Danbury Boards of Education;

5. Plaintiff Nicoletti seeks nominal and compensatory damages against Bloomfield and Cromwell Boards of Education.

Plaintiffs contend that the violations alleged in each Count of the Amended Complaint independently justify the award of these damages.

V. PLAINTIFFS SEEK NO RELIEF AGAINST PROPOSED INTERVENORS.

Plaintiffs have not sought and do not expect to seek any remedy directed against any individual athletes, or against CHRO.

Respectfully submitted this 24th day of April, 2020.

By: *s/ Roger G. Brooks*

Roger G. Brooks
CT Fed. Bar No. PHV10498
Jeffrey A. Shafer
CT Fed. Bar No. PHV10495
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Fax: (480) 444-0028
Email: rbrooks@ADFlegal.org
Email: jshafer@ADFlegal.org

Kristen K. Waggoner
CT Fed. Bar No. PHV10500
Christiana M. Holcomb
CT Fed. Bar No. PHV10493
Alliance Defending Freedom
440 First St. NW, Suite 600
Washington, D.C. 20001
Telephone: (202) 393-8690
Fax: (202) 347-3622
Email: kwaggoner@ADFlegal.org
Email: cholcomb@ADFlegal.org

Howard M. Wood III
CT Bar No. 68780, CT Fed. Bar No. 08758
James H. Howard
CT Bar No 309198, CT Fed. Bar No 07418
Fiorentino, Howard & Petrone, P.C.
773 Main Street
Manchester, CT 06040
Telephone: (860) 643-1136
Fax: (860) 643-5773
Email: howard.wood@pfwlaw.com
Email: james.howard@pfwlaw.com

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2020, a copy of the foregoing Plaintiffs' Preliminary Statement of Relief Sought was filed electronically with the Clerk of Court. Service on all parties will be accomplished by operation of the court's electronic filing system.

*s/ Roger G. Brooks*
Attorney for Plaintiffs
