UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SELINA SOULE, *et al.*, | : | Docket No. 3:20-cv-00201-RNC |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CONNECTICUT ASSOCIATION OF SCHOOLS, INC., *et al.*, | : | |
|     Defendants | : | July 22, 2020 |

## DEFENDANTS' MOTION FOR SEPARATE STATEMENT OF CLAIMS

On April 17, 2020, Plaintiffs filed an Amended Complaint against Defendants.[1] The Amended Complaint is filed on behalf of four plaintiffs who attend separate high schools in Connection--three of whom are defendants in this matter, one of whom is not. The two-count Amended Complaint purports to seek relief against the CIAC and the individual Board of Education defendants, including monetary damages. Plaintiffs do not specify what claims are being asserted against which Defendant, and which Defendant or Defendants may be liable to which Plaintiffs. The circumstances surrounding Plaintiffs' individual claims are unique, however, and depend on their relationship to the respective Defendants. For example, a plaintiff's claims against their own school will be separate and distinct from any claim they are making against any of the other Board Defendants--who have no relation that Plaintiff. Plaintiffs refuse to separate their claims, which forces Defendants to now move pursuant to Fed. R. Civ. P. 10(b) to have Plaintiffs separate out their claims. As set forth more fully

---

[1] The Connecticut Association of Schools, Inc., d/b/a, Connecticut Interscholastic Athletic Conference ("CIAC"), Bloomfield Board of Education, Cromwell Board of Education, Glastonbury Board of Education, Canton Board of Education, and Danbury Board of Education (the "School Board Defendants") are collectively referred to herein as "Defendants." Plaintiffs have not made any claims directly against the intervening defendants, A.Y., T.M. or the Connecticut Commission on Human Rights and Opportunities ("CHRO").

below, because doing so would promote clarity, Defendants' request should be granted, and Plaintiffs must replead their claims against each Defendant or Defendants as separate counts pursuant to Rule 10(b).

## I.     Background

On February 12, 2020, this lawsuit was filed by Plaintiffs Selina Soule, Chelsea Mitchell, and Alanna Smith, cis-gendered female athletes who attended Glastonbury High School, Canton High School, and Danbury High School respectively.  See Complaint ¶ 10-13. In the Complaint, Plaintiffs sought to prevent two (2) of their female competitors, A.Y., from Cromwell High School, and T.M., from Bloomfield High School, from participating in interscholastic outdoor and indoor track events pursuant to the CIAC's transgender participation policy.  Id. ¶ 77-78.  The CIAC's policy allows student athletes, male or female, to participate in interscholastic athletics based on their gender identification in current school records and daily life activities in the school and community at the time that sports eligibility is determined.  Id. ¶ 71.  The Complaint named the CIAC as a defendant, as well as the Canton, Glastonbury, Danbury, Cromwell, and Bloomfield Boards of Education.  The Complaint had two counts.

1.     Count One was titled Count I: Title IX, Sex Discrimination by Failing to Provide Effective Accommodation for the Interests and Abilities of Girls.  Count One appears to be brought by all Plaintiffs against all Defendants.

2.     Count Two was titled Count II: Title IX, Sex Discrimination by Failing to Provide Equal Treatment, Benefits and Opportunities for Girls.  Count Two appears to be brought by all Plaintiffs against all Defendants

In their claim for relief Plaintiffs sought the following:

(1) A declaration that Defendants have violated Title IX by failing to provide competitive opportunities that effectively accommodate the abilities of girls;

(2) A declaration that Defendants have violated Title IX by failing to provide equal treatment, benefits, and opportunities for girls in in athletic competition;

(3) An injunction prohibiting all Defendants, in interscholastic athletic competitions sponsored, organized, or participated in by the Defendants or any of them, from permitting males—individuals with an XY genotype—from participating in events that are designated for girls, women, or females;

(4) An injunction requiring all Defendants to correct any and all records, public or non-public, to remove male athletes from any record or recognition purporting to record times, victories, or qualifications for elite competitions designated for girls or women, and conversely to correctly give credit and/or titles to female athletes who would have received such credit and/or titles but for the participation of males in such competitions;

(5) An injunction requiring all Defendants to correct any and all records, public or non-public, to remove times achieved by male athletes from any records purporting to record times achieved by girls or women;

(6) An award of nominal and compensatory damages and other monetary relief as permitted by law; and

(7) An award of Plaintiffs' reasonable attorneys' fees and expenses, as authorized by 42 U.S.C. § 1988.

See Complaint at pp. 49-50.  Again, Plaintiffs failed to specify what relief is sought against what Defendant or group of Defendants for each Plaintiff.

As mentioned previously, on April 17, 2020, Plaintiffs filed an Amended Complaint in this matter.  See Ecf. 89.  That Amended Complaint made several changes.  First, it purported at add Ashley Nicoletti, as a Plaintiff.  According to the Amended Complaint, Ms. Nicoletti attends Immaculate High School in Danbury, which is a private, Catholic high school.[2]

---

[2] See: https://www.immaculatehs.org/

8858890v1

Second, the Amended Complaint added new allegations regarding the Plaintiffs' intentions to participate in Spring 2020 athletics.  See Amended Complaint ¶¶ 133-146; see also ¶ 149-52.[3]  The Amended Complaint has the same two Counts as the original Complaint, and seeks the same relief.  In sum, the Amended Complaint added a Plaintiff and added factual allegations, but failed to remedy any of the structural defects discussed previously.

## II.     Argument

Rule 10(b) of the Federal Rules of Civil Procedure provides in relevant part that: "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Fed. R. Civ. P. 10. When it is necessary to facilitate clear presentation, separation of claims under Rule 10(b) is mandatory.  See, e.g., Original Ballet Russe v. Ballet Theatre, 133 F.2d 187, 189 (2d Cir. 1943); see also, Vance v. Am. Soc. of Composers, Authors & Publishers, 13 F.R.D. 109, 112 (S.D.N.Y. 1952) ("Clear presentation goes hand in hand with a proper disposition of the issues in a case, and it is recognized that these desiderata can result from a proper application of Rule 10(b). . . ."). Courts have recognized that "[c]learly, it is the better practice and more consonant with the requirement of the rules and the spirit of the simpler procedure they inaugurated, to state claims separately." Vance, 13 F.R.D. at 112 (internal quotations and insertions omitted). Thus, although "[a] party asserting a claim may join, as independent or alternative claims, as many claims as it has against an opposing party," Fed. R. Civ. P. 18(a), there is "ample warrant for requiring these several claims to be stated in separate counts, [Fed. R. Civ. P.] Rule 10(b)." Vars v. Int'l Broth. of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers

---

[3] The Amended Complaint also made additional changes to the factual allegations that are not relevant to this motion.

and Helpers, 204 F.Supp. 245, 249 (D.Conn. 1962).  Ultimately, "the key issue in deciding if the claims should be separate is whether separation will further convenience, minimize confusion and avoid prejudice."  Ming Li v. Colonial BT, LLC, 2015 WL 5684060, at *8 (D. Conn., Sept. 28, 2015) (internal quotations omitted).

The Amended Complaint fails to apprise Defendants as to the nature of the claims being made against them, who is making claims against them, and who is seeking relief, including monetary damages, against them with sufficient clarity to meet the requirements of Fed. R. Civ. P. 10(b).  Plaintiffs should be ordered to file an additional amended complaint to remedy this problem so that Defendants can file responsive pleadings focused on the actual claims that are being made against them, rather than based on speculative claims.  Such clarification may eliminate the need for Defendants to file Rule 12 motions to address the issues set forth in Defendants' previously filed request for pre-filing conference.  For example, as currently pled, Plaintiffs appear to be asserting claims against schools where they do not attend.  Thus, it appears Ms. Mitchell, who attended Canton High School, is seeking relief not just against Canton, but also against the other Board Defendants and the CIAC.  The defendants doubt that Ms. Mitchell, who attends Canton truly is pursuing any claim against Danbury, the school attended by Ms. Smith, as there is absolutely no legal basis for her to do so.  However, as the Amended Complaint currently is pled, it appears that she is making such a completely inappropriate and frivolous claim that requires a response from the Defendants. If Plaintiffs are indeed seeking relief from more than their own schools, they need to state this explicitly and those claims should be identified separately because Defendants have various Rule 12 defenses with regard to such claims.  If the Plaintiffs are not making such claims, the Plaintiffs should

5

still be required to file an amended complaint that identifies clearly in separate counts what claims by each Plaintiff are being made against each individual Defendant, including their home school.

If anything, the need for separation of claims has become even more necessary following the addition of an additional plaintiff through the Amended Complaint. Ms. Nicoletti attends a non-public school, which presumably is not even subject to Title IX. Although Ms. Nicoletti was added as a Plaintiff, Immaculate High School was not added as a defendant. It is therefore clear that Ms. Nicoletti is not seeking relief against her home school. It also is unclear who she is seeking relief against, and the basis for that claim for relief. In the absence of such clarification, Defendants may be forced to prepare motions to dismiss to address claims that are not even being made against them, which would be inefficient, an unnecessary expenditure of public resources for these public school defendants and a waste of judicial resources.

Defendants have requested such revisions previously in discussions between the parties, but Plaintiffs have refused to make such changes, which violations Rule 1 requirement that the parties secure the "just, speedy, and inexpensive determination of every action and proceeding." Finally, there can be little claim that the Plaintiffs would be prejudiced in any way by an order requiring them to separate the claims into separate counts. The Plaintiffs know what claims they intend to make against what Defendants, and it would be very easy for them to file an amended complaint to remedy the current ambiguity. Although Defendant could have requested that the Court use its discretion to dismiss the Complaint for failing to comply with Rule 10(b), here, Defendants are instead only seeking the lesser remedy of an

6

amendment to correct the deficiencies.  See, e.g., Legat v. Hubbs, 355 F. Supp. 2d 664, 666 (D.Conn. 2005) (Thompson, J.)(noting that a defendant may move for dismissal under Rule 41(b) for failure to comply with Rule 10(b)).  Defendants' motion should be granted.

### III.   Conclusion

For all of the foregoing reasons, Defendants respectfully request that the Court enter an order directing Plaintiff to file a Second Amended Complaint that (1) separately sets forth each claim that is being made on behalf of each Plaintiff, (2) identify each Defendant or Defendants that such claim is directed against, and (3) clarify the relief sought by each Plaintiff against Defendant or Defendants.

BY: /s/ Peter J. Murphy
PETER J. MURPHY (ct26825)
LINDA L YODER (ct01599)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: 860-251-5950
Facsimile: 860-251-5316
Email: pjmurphy@goodwin.com
For Connection Association of School and the Danbury Board of Education

BY: /s/ Johanna G. Zelman
Johanna G. Zelman (ct26966)
Elizabeth M. Smith
FordHarrison, LLP
CityPlace II
185 Asylum Street, Suite 610
Hartford, CT 06103
Telephone: 860-740-1355
Facsimile: 860-578-2075
Email: jzelman@fordharrison.com
For the Cromwell Board of Education and the Bloomfield Board of Education

BY: /s/ David S. Monastersky
David S. Monastersky (ct13319)
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 061114
Telephone: 860-249-1361
Facsimile: 860-249-7665
Email: dmonastersky@hl-law.com
For the Canton Board of Education and
the Glastonbury Board of Education

8

8858890v1

## CERTIFICATION OF SERVICE

This is to certify that on July 22, 2020, a copy of the foregoing Defendants' Motion for Separate Statement of Claims was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                           /s/ Peter J. Murphy
                                            Peter J. Murphy

8858890v1