IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SELINA SOULE, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | No. 3:20-cv-00201-RNC |
| ) | |
| CONNECTICUT ASSOCIATION OF ) | |
| SCHOOLS, INC. *et al*, ) | |
| ) | December 17, 2020 |
| *Defendants.* ) | |

**JOINT MOTION FOR STATUS CONFERENCE**

On August 25, 2020, the Court granted Defendants' (consented to) motion to stay discovery between the parties pending resolution of Plaintiffs' petition for a writ of mandamus to the Second Circuit Court of Appeals. ECF No. 146. Defendants' motion requested that "once Plaintiffs' Petition for Writ of Mandamus has been decided by the Second Circuit, the Court schedule a conference to consider adjustment of future discovery deadlines as needed." ECF No. 144 at p. 1.

On November 4, 2020, the Second Circuit denied Plaintiffs' mandamus petition. *See* ECF No. 164 (filing, on November 25, 2020, a certified copy of the Second Circuit's order on the docket for this case). Accordingly, the parties jointly request that the Court schedule a status conference to discuss future deadlines for the completion of this litigation.

The parties have conferred and disagree as to what scheduling is appropriate now. For the benefit of the Court, the parties describe their respective positions below:

**Plaintiffs' Position**

Plaintiffs' position is that discovery should resume in full, and a schedule should be set to

1

get this lawsuit trial-ready. Discovery was stayed only because of the mandamus petition, and now that that petition has been fully resolved, there is no longer cause for any stay. Defendants' pending motions, including their motion to dismiss, do not present good cause to stay discovery. Federal Rule 12(b)(6) does not stay discovery pending a motion to dismiss, and the District of Connecticut Local Rules expressly provide that "[t]he filing of a motion to dismiss shall not result in a stay of discovery...."  D. Conn. L. Civ. R., Standing Order on Scheduling in Civil Cases § 2(b). A stay of discovery is appropriate only upon a showing of good cause. *Dome Tech., LLC v. Golden Sands Gen. Contractors, Inc.*, No. 3:16-cv-01607-VAB, 2017 WL 11577923, at *1 (D. Conn. 2017).

Courts consider three factors when evaluating whether the party requesting a stay has carried its burden of demonstrating that a stay is appropriate: "1) Whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) The breadth of discovery and the burden of responding to it; and 3) The risk of unfair prejudice to the party opposing the stay." *Id.*

As set out in Plaintiffs' response in opposition to Defendants' motion to dismiss (ECF No. 154), Defendants have not made a strong showing that Plaintiffs' claim of sex discrimination in violation of Title IX is unmeritorious. In fact, in a parallel administrative complaint, the U.S. Department of Education's Office for Civil Rights concluded that Defendants' actions did result in denial of equal athletic opportunities and benefits to female athletes in violation of Title IX and its implementing regulations. *See* Revised Letter of Impending Enforcement Action from Kimberly M. Richey, Acting Assistant Sec'y for Civil Rights, Dep't of Educ. Office for Civil Rights (Aug. 31, 2020), attached as Ex. B to Plaintiffs' Response to Defendants' Mot. to Dismiss (ECF No. 154-2). Second, proceeding with discovery will impose only ordinary litigation

burdens on Defendants, proportionate to the importance of this case. And, finally, Plaintiffs Alanna Smith and Ashley Nicoletti risk being unfairly prejudiced by additional litigation delay given that these high school juniors only have a few more track seasons remaining in their high school athletic careers. The Court has not indicated when it will rule on Defendants' pending motions, and continued delay heightens the risk that these Plaintiffs will continue to be deprived of athletic benefits and opportunities in future track seasons.

**Defendants' Position**

Defendants have two motions pending with the court: a motion to join the U.S. Department of Education ("ED") as a party (ECF No. 91; filed April 20, 2020) and a motion to dismiss (ECF No. 145; filed August 21, 2020). Plaintiffs already consented to a multi-month stay of discovery pending resolution of their baseless mandamus petition. Now that Plaintiffs' petition has been denied, the Court should continue to stay discovery pending resolution of Defendants' pending motions—both of which are of substantial merit and should be granted by the Court.

In regard to the motion to join, Defendants have argued that ED is a required party under Fed. R. Civ. P. 19(a) because ED has an interest in the matter and, if not joined, Defendants have a substantial risk of incurring inconsistent obligations. In the alternative, permissive joinder is required under Fed R. Civ. P. 20 because the claims arise out of the same transaction and there is a common question of law and fact. The argument for joinder took on added urgency in September, after ED's Office for Civil Rights ("OCR") issued its Revised Letter of Pending Enforcement, which set forth a statement of policy that OCR purports to be binding on Defendants and other school districts across the country. *See generally* Defendants' Supplemental Memorandum of Law in Support of Motion to Join the U.S. Department of Education as a Party, ECF No. 160. As Defendants informed the Court previously, OCR also

has referred the matter to the Department of Justice, seeking DOJ to institute a lawsuit against these same Defendants on this same subject matter. Defendants' motion to join ED is even more appropriate now than when it was first filed, and Defendants respectfully submit that the motion to join should be granted. Although Plaintiffs have opposed that motion, Defendants note that, in the prior section of this Motion, Plaintiffs use OCR's Revised Letter to support their claims in this case, thereby demonstrating why ED is a necessary party. Proceeding with discovery without the motion for joinder having been decided, and without ED being joined in the case, would be highly inefficient: If ED is to be joined as a party, any depositions scheduled would likely have to be repeated.

Discovery also should be stayed pending resolution of the Motion to Dismiss, which seeks dismissal of the lawsuit in its entirety, or, in the alternative, dismissal of some of the individually named Board of Education defendants. As noted by Plaintiffs, judges in this District this Court generally consider three factors when addressing a motion to stay pending resolution of a motion to dismiss: "(1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Metzner et. al v. Quinnipiac Univ.*, No. 3:20-CV-00784 (KAD), 2020 WL 7232551, at *2 (D. Conn. Nov. 12, 2020). These factors all favor a continued stay in this matter.

In regard to the first element, Defendants have made a strong showing that they are likely to succeed on their motion to dismiss. As explained in that motion, Plaintiffs' legal theory here is unprecedented: "that Title IX prohibits schools from allowing girls who are transgender—and who are recognized as girls in current school records and daily life activities in the school and community—from participating on the same sports teams as other girls." ECF No. 157 at p. 1. Defendants have moved to dismiss because no legal precedent exists to support this claim, and

because Plaintiffs do not, in any case, have standing to bring it. Courts have granted stays in similar circumstances. *See, e.g.*, *ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 3:12-CV-0038 (RNC), 2012 WL 2944357, at *2 (D. Conn. July 18, 2012) (noting discovery stays are appropriate where "where the pending dispositive motion "appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law") (internal citation omitted); *Integrated Systems and Power, Inc. v. Honeywell Intern., Inc.*, No. 09-cv-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay where the defendant's motion "appears not to be unfounded in the law"); *Niv v. Hilton Hotels Corp.*, No. 06-civ-7839, 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007) (same); *Spencer Trask Software and Information Services, LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay where defendants presented "substantial arguments for dismissal of many, if not all, of the claims asserted in th[e] lawsuit").

In regard to the second factor, the scope of discovery sought, Plaintiffs' counsel recently sent letters to counsel for the CIAC and the Board Defendants that confirm that they are seeking extensive records and information, which are not limited to just the individual plaintiffs they represent.  Plaintiffs will also want to depose numerous individuals from each of the five Board Defendants, as well as the CIAC. As noted in the motion to dismiss, some of the defendant school districts have no relationship to Plaintiffs, and even those that do have credible mootness and other procedural defenses to Plaintiff's claims. Until the Court decides if ED should be a party, and decides what, if any, of the Defendants are proper defendants in this matter, discovery is unnecessary and burdensome. This conclusion is buttressed by the fact that Defendants are still dealing with the ongoing, worsening COVID pandemic, and using all of their resources to ensure that schools are operating and students are being educated.

Finally, Plaintiffs identify no prejudice if discovery were to continue to be stayed. As an initial matter, Plaintiffs already agreed to stay of all discovery (with several narrow exceptions) pending resolution of their baseless mandamus petition to the Second Circuit. There was no prejudice to Plaintiffs with that stay, and there will be no prejudice to Plaintiffs with an additional stay. Indeed, as Defendants laid out in their motion to dismiss, two of the four plaintiffs have graduated high school. The two defendant-intervenors have also graduated. The remaining two plaintiffs are now high school juniors, but they have not identified a single athlete who is transgender against whom they are currently competing, or may compete at any point in the future. Defendants have argued that this deficiency fundamentally undercuts Plaintiffs' standing. For practical purposes, it also means that they are in no way prejudiced by a stay of discovery.

This is underscored by the fact that COVID-19 has indefinitely paused most high school sports in Connecticut for the better part of the year. The pandemic forced CIAC to cancel its spring 2020 season, including outdoor track. Sports moved forward on a very limited basis in the fall of 2020. Now, with a third wave of the pandemic surging, CIAC has announced that all winter sports, including indoor track, are on hiatus until January 19, 2021. It is not clear if they will resume at that time (assuming, even, that any plaintiff intended to compete in indoor track). Against this backdrop, neither of the two plaintiffs who are still high school students—Plaintiffs Nicoletti and Smith—has competed in track on behalf of her high school since the spring of 2019, and it is not clear when they will next participate in track events.[1] Accordingly, no plaintiff would be unduly prejudiced by discovery continuing to be stayed until the Court decides the pending motions.

---

[1] *See* Alanna Smith's track-and-field results, posted online at *See* Alanna Smith's track-and-field results, posted online at https://www.athletic.net/TrackAndField/Athlete.aspx?AID=14790311&L=4; Ashley Nicoletti's track-and-field results, posted online at https://www.athletic.net/TrackAndField/Athlete.aspx?AID=14752303.

Respectfully submitted this 17th day of December, 2020.

<table>
<tr><td>

s/Roger G. Brooks
Roger Greenwood Brooks, Esq.*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
rbrooks@adflegal.org

Kristen Waggoner, Esq.*
Christiana M. Holcomb, Esq.*
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
kwaggoner@adflegal.org
cholcomb@adflegal.org

Howard M. Wood, III, Esq. (ct08758)
James H. Howard, Esq. (ct07418)
Florentino, Howard & Petrone, P.C.
773 Main Street
Manchester, CT 06040
(860) 643-1136
howard.wood@pfwlaw.com
jim.howard@pfwlaw.com

*Counsel for Plaintiffs Selina Soule, Chelsea Mitchell, Alanna Smith, and Ashley Nicoletti*

</td><td>

s/Elana Bildner
Elana Bildner (ct30379)
Dan Barrett (ct29816)
ACLU Foundation of Connecticut
765 Asylum Avenue, 1st Floor
Hartford, CT 06105
(860) 471-8471
ebildner@acluct.org
dbarrett@acluct.org

Joshua Block*
Chase Strangio*
Galen Sherwin*
Lindsey Kaley*
James D. Esseks*
American Civil Liberties Union Foundation
125 Broad Street,18th Floor
New York, NY 10004
(212) 549-2500
jblock@aclu.org
cstrangio@aclu.org
gsherwin@aclu.org
lkaley@aclu.org
jesseks@aclu.org

*Counsel for Andraya Yearwood and Thania Edwards on behalf of T.M.*

David S. Monastersky (ct13319)
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
dmonastersky@hl-law.com

*Counsel for Glastonbury and Canton Boards of Education*

Johanna G. Zelman (ct26966)
Elizabeth Mott Smith
FordHarrison, LLP

</td></tr>
</table>

7

CityPlace II
185 Asylum Street, Suite 610
Hartford, CT 06103
(860) 740-1355
jzelman@fordharrison.com
esmith@fordharrison.com

Mohammad Shihabi*
FordHarrison, LLP
60 E 42nd Street, 51st Floor
New York, NY 10165
(212) 453-5907
mshihabi@fordharrison.com

*Counsel for Bloomfield and Cromwell Boards of Education*

Peter J. Murphy (ct26825)
Linda L. Yoder (ct01599)
Tyler Bischoff
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
(860) 251-5950
pjmurphy@goodwin.com
lyoder@goodwin.com
tbischoff@goodwin.com

*Counsel for CIAC and Danbury Board of Education*

Michael E. Roberts (ct30824)
CHRO
450 Columbus Boulevard, Suite 2
Hartford, CT 06103
(860) 541-4715
michael.e.roberts@ct.gov

*Counsel for CHRO*

*Admitted *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2020, a copy of the foregoing Joint Motion for Status Conference was filed electronically with the Clerk of Court. Service on all parties will be accomplished by operation of the court's electronic filing system.

/s/ Roger G. Brooks<br>Roger G. Brooks