IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SELINA SOULE, *et al.*, | |
| *Plaintiffs*, | |
| v. | No. 3:20-cv-00201-RNC |
| CONNECTICUT ASSOCIATION OF SCHOOLS, INC. *et al*, | |
| *Defendants,* | June 21, 2024 |
| and | |
| ANDRAYA YEARWOOD and TERRY MILLER; COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES, | |
| *Intervenor-Defendants.* | |

**INTERVENOR-DEFENDANTS ANDRAYA YEARWOOD AND TERRY MILLER'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

In support of their Motion to Dismiss Plaintiffs' Third Amended Complaint, ECF 207, Intervenor-Defendants Andraya Yearwood and Terry Miller have explained that "a minority of courts outside this Circuit has held that Title IX *allows* schools to exclude transgender students from sex-separated facilities and programs based on their sex designated at birth" but "no court has ever held that Title IX *requires* schools to do so." Intervenors' Reply at 2-3, ECF 219. The Sixth Circuit's recent decision in *Tennessee v. Department of Education*, No. 22-5807, 2024 WL 2984295 (6th Cir. June 14, 2024) (attached as Ex. A), provides further support for Intervenors' argument.

In *Tennessee*, the Sixth Circuit held that a group of states was likely to succeed on their claims that certain guidance documents issued by the Department of Education were substantive "legislative rules" that should have been issued through notice-and-comment rulemaking. The Sixth Circuit concluded that those guidance documents conflicted with the current regulations which, according to the Sixth Circuit, allow schools to separate sports teams based on sex designated at birth. According to the Sixth Circuit, "the [current] regulations permit, but do not require, aid recipients to organize their athletics programs and facilities by biological sex. Schools could, for example, choose coeducational teams and facilities. It follows that they could also separate programs and facilities by gender identity." *Id.* at *23 (citations omitted).

The Sixth Circuit's decision supports Intervenors' argument that no court has ever held that Title IX's athletic regulations *prohibit* teams from being separated based on gender identity. As explained in Intervenors' Motion to Dismiss, the Sixth Circuit's conclusion that the regulations authorize policies excluding students based solely on sex designated at birth conflicts with decisions from the Fourth and Seventh Circuit holding that the current regulations do *not* authorize schools to categorically excluded transgender students from sports teams and facilities based on their sex designated at birth. *See B.P.J. by Jackson v. W. Va. State Bd. of Educ.*, 98 F.4th 542 (4th Cir. 2024) (sports); *A.C. by M.C. v. Metro. Sch. Dist. of Martinsville*, 75 F.4th 760 (7th Cir. 2023), *cert. denied*, 144 S. Ct. 683 (2024) (restrooms); *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 619 (4th Cir. 2020) (restrooms). But, for purposes of *this* case, the Sixth Circuit's decision shows that the circuits are unanimous in rejecting Plaintiffs' arguments that Title IX *prohibits* schools from allowing transgender girls to participate on girls' teams. Under even the Sixth Circuit's interpretation of Title IX and its current regulations, those regulations "permit, but do not require, aid recipients to organize their athletics programs and facilities by

biological sex"—or, alternatively, to "choose coeducational teams and facilities" or to "separate programs and facilities by gender identity." *Tennessee*, 2024 WL 2984295, at *23.

Because the Sixth Circuit's decision in *Tennessee* rejects Plaintiff's assertions that Title IX and its regulations prohibit schools from allowing girls who are transgender to participate on girls' teams, Intervenors respectfully request leave to submit it as supplemental authority in support of their Motion to Dismiss Plaintiffs' Third Amended Complaint.

Respectfully submitted,

/s/ Joshua Block
Joshua Block*
Ria Tabacco Mar*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
jblock@aclu.org

/s/ Elana Bildner
Elana Bildner (ct30379)
Dan Barrett (ct29816)
ACLU Foundation of Connecticut
765 Asylum Avenue
Hartford, CT 06105
(860) 471-8475
ebildner@acluct.org

*Counsel for Andraya Yearwood and Terry Miller*

*Admitted *Pro Hac Vice*