# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SELINA SOULE, *et al.*, | Case No.:  3:20-CV-00201-RNC |
| *Plaintiffs*, | |
| v. | **PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY** |
| CONNECTICUT ASSOCIATION OF SCHOOLS, *et al.*, | |
| *Defendants*, | August 28, 2024 |
| ANDRAYA YEARWOOD, *et al.*, | |
| *Intervenor-Defendants*. | |

Plaintiffs Selina Soule, Chelsea Mitchell, Alanna Smith, and Ashley Nicoletti respectfully move this Court for leave to file supplemental authority. In support of their Response in Opposition to Defendants' and Intervenor-Defendants' Motions to Dismiss, ECF 218, Plaintiffs argued that Title IX uses sex to denote a biological binary. The Supreme Court's recent per curiam decision in *Dep't of Educ. v. Louisiana*, No. 24A78; *Cardona v. Tennessee*, No. 24A79, 2024 WL 3841071 (U.S. Aug. 16, 2024), provides further support for Plaintiffs' argument.

In *Cardona*, several states challenged the Department of Education's recent rule implementing Title IX. The Department's new rule sought to, among other things, define sex discrimination to "includ[e] discrimination on the basis of … gender identity." Nondiscrimination on the Basis of Sex in Ed. Programs or Activities Receiving Fed. Fin. Assistance, 89 Fed. Reg. 33474, 33886 (2024). In

doing so, the Department wanted to graft *Bostock*'s interpretation of Title VII onto Title IX. *Id.* at 33802.

District courts in Louisiana and Kentucky preliminarily enjoined the rule. They reasoned that Title IX uses sex to denote "male and female," and that the Executive Branch could not change what Congress wrote by "bureaucratic cudgel." *Tennessee v. Cardona*, No. 2:24-cv-072-DCR, 2024 WL 3019146, at *1, *3 (E.D. Ky. 2024). And *Bostock*, which explicitly cabined its analysis to Title VII, could not change Title IX's ordinary meaning, either. *Louisiana v. Dep't of Educ.*, No. 3:24-cv-00563, 2024 WL 2978786, at *10–11 (W.D. La. 2024).

Both "the Fifth and Sixth Circuits then declined to stay the injunctions in the interim period." *Louisiana*, 2024 WL 3841071, at *1. The courts of appeals both agreed that it was inappropriate to expand the meaning of sex discrimination through agency action. And, as the Sixth Circuit explained, *Bostock*, "a Title VII case," with "employment-specific defenses that come with it," does not "neatly map onto other areas of discrimination," particularly Title IX. *Tennessee v. Cardona*, No. 24-5588, 2024 WL 3453880, at *2 (6th Cir. 2024).

The Supreme Court also declined to stay the injunctions. "Importantly, all Members of the Court … accept[ed] that the plaintiffs were entitled to preliminary injunctive relief … including the central provision that newly defines sex discrimination to include … gender identity." *Louisiana*, 2024 WL 3841071, at *1. The Supreme Court thus held that the Department was unlikely to succeed on the merits of its argument that *Bostock* could be incorporated into Title IX, which

necessarily indicates that it interprets Title IX the way Plaintiffs do here: "sex" denotes a biological binary, and nothing in *Bostock* compels a different reading for a different statute with a different context. *Alabama v. Sec'y of Educ.*, No. 24-12444, slip op. at 2–3 n.1 (11th Cir. Aug. 22, 2024) ("And by accepting that the plaintiffs were entitled to preliminary injunctive relief, the Court had to have found that all the requirements for a preliminary injunction were met, including likelihood of success on the merits."); *see also* Appl. for a Partial Stay of the Inj. Entered by the U.S. Dist. Ct. for the E.D. Ky. at 32–37, *Cardona v. Tennessee*, No. 24A79 (Aug. 16, 2024) (arguing that *Bostock* compelled reading "sex" in Title IX to include gender identity). So Title IX "provide[d] equal access for women and men students to the educational process," but "did not desegregate spaces and activities that have long been sex-separated"—"as long as similar opportunities provided for one sex are provided for the other sex." *Cardona*, 2024 WL 3019146, at *3 (cleaned up).

Importantly, the enjoined rule affects athletics. Though the Department purported to defer on discrete athletic issues, as to the central issue—whether "sex" encompasses gender identity—the Department's rule applies to sports in four ways. First, § 106.10 broadly redefines sex discrimination throughout the rule to include gender identity. Second, § 106.11 clarifies that the new definition "applies … to *all sex discrimination* occurring under a recipient's education program or activity." (emphasis added). That includes athletics. 89 Fed. Reg. at 33886 (interpreting "program or activity" broadly). Third, § 106.31(a)(1) reiterates that the ban on sex discrimination covers "other education program[s] or activit[ies]," which also

encompasses athletics. *Id.* at 33887. Finally, § 106.31(a)(2) does not exempt "interscholastic, intercollegiate, club or intramural athletics" from the reinterpreted prohibition against gender-identity discrimination. The net result is that the new rule's broad prohibition on gender-identity discrimination applies to sports through many different avenues.

The Department has not shied away from this interpretation; it has, in fact, embraced it. Br. for the United States as Amicus Curiae in Supp. of Pl.-Appellant and Urging Reversal, *B.P.J. v. W. Va. State Bd. of Educ.*, 98 F.4th 541 (4th Cir. 2024) (Nos. 23-1078(L), 23-1130), 2023 WL 2859726, at *27–28. The Department has spent years advocating for this very position. It is quite a stretch to say that the new rule doesn't accomplish what the Department says it does, or that disavowal on specific concrete issues whitewashes what the Department has said about how to interpret Title IX.

CIAC's Policy is of a piece with the Department's enjoined rule. It claims to separate sports based on "sex," but it defines sex differently than Title IX and without taking into account the interests and abilities of female athletes. In so doing, the Policy did not provide "similar opportunities" for men and women in athletics. And Plaintiffs' complaint concretely details the results of this unequal treatment.

At oral argument, this Court questioned what effect the new rule has on this case. Tr. at 29, ECF 234. As noted, the new rule disclaims retroactive effect and thus has no direct bearing on this case. Pls.' Resp. in Opp. to Defs.' and Intervenor-

Defs.' Mot. to Dismiss, ECF No. 218, at 3 n.1 (citing 89 Fed. Reg. 33474, 33841). But *Cardona* confirms that the Department's logic—that sex as used in Title IX encompasses gender identity—is wrong and cannot justify CIAC's Policy.

In short, the Supreme Court unanimously agreed that the states were likely to succeed in their challenge against the Department's reinterpretation of Title IX to include gender identity. That strongly supports Plaintiff's argument that Title IX uses "sex" to denote a biological binary, and nothing in *Bostock* compels a different reading.

Respectfully submitted this 28th day of August, 2024.

|                                          | s/ Cody S. Barnett |
| --- | --- |

Susan Patton Fox
CT Bar No. 306599,
CT Fed. Bar No. 20937
SUSAN PATTON FOX LAW
OFFICES
PO Box 3483
Tequesta, FL 33469
T: (860) 304-9979
susanfoxlaw@aol.com

Roger Greenwood Brooks*
CT Fed. Bar No. PHV10498
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
T: (480) 444-0020
F: (480) 444-0028
rbrooks@adflegal.org

Cody S Barnett*
CT Fed. Bar No. PHV207825
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, Virginia 20176
Telephone: (571) 707-4655
Facsimile: (571) 707-4656
cbarnett@adflegal.org

Christiana M. Kiefer*
CT Fed. Bar No. PHV10493
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
T: (202) 393-8690
F: (202) 393-8690
ckiefer@adflegal.org

*Counsel for Plaintiffs Selina
Soule, Chelsea Mitchell,
Alanna Smith, and Ashley
Nicoletti*

*Admitted Pro Hac Vice

### CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2024, a copy of the foregoing document was filed electronically with the Clerk of Court. Service on all parties will be accomplished by operation of the court's electronic filing system.

/s/ *Cody S. Barnett*
Cody S. Barnett
*Counsel for Plaintiffs Selina Soule,*
*Chelsea Mitchell, Alanna Smith,*
*and Ashley Nicoletti*