IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SELINA SOULE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> CONNECTICUT ASSOCIATION OF SCHOOLS, INC. *et al*, <br><br> *Defendants,* <br><br> and <br><br> ANDRAYA YEARWOOD and TERRY MILLER; COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES, <br><br> *Intervenor-Defendants.* | No. 3:20-cv-00201-RNC <br><br><br> December 19, 2024 |

**MOTION OF INTERVENOR-DEFENDANTS ANDRAYA YEARWOOD AND TERRY MILLER TO WITHDRAW AS PARTIES**

Pursuant to Federal Rule of Civil Procedure 7(b) and Local Civil Rule 7, Intervenor-Defendants Andraya Yearwood and Terry Miller hereby move to withdraw as Intervenor-Defendants in this case. Their voluntary withdrawal is appropriate because there is no direct claim made against them, and the withdrawal will neither materially prejudice the rights of the other parties nor interfere with the proceedings. Andraya and Terry will bear their own costs. In support of this motion, Andraya and Terry state:

1. Andraya and Terry moved to intervene in this action nine days after it was filed, on February 21, 2020. ECF No. 36. At the time, they were seniors on their respective high school track teams, *id.* at 2, and looked forward to completing their final season

1

alongside their teammates. They argued they were entitled to intervene as of right per Fed. R. Civ. P. 24(a), or in the alternative, should be granted permission to intervene at the Court's discretion, pursuant to Fed. R. Civ. P. 24(b).

2. In 2020, Andraya and Terry's reason for intervening was their direct personal stake in the litigation: Plaintiffs quite literally sought to bar them from running track in their final high school season. Andraya and Terry wanted to ensure they could keep running, as well as that they were not discriminated against. *Id.* at 2-3. They also asserted an interest in protecting records of their races, some of which had been run only days or weeks earlier. *See, e.g.*, *id.* at 9 (noting an interest in protecting records of their past accomplishments could be legally cognizable).

3. The Court granted the motion to intervene on April 22, 2020. ECF No. 92.

4. It has now been almost five years since this lawsuit was filed, and a lot changed in those intervening years. The 2020 track season was canceled due to COVID-19. Shortly thereafter, Andraya and Terry graduated from high school and stopped running. All four plaintiffs also graduated. (They then ran in college, including after receiving scholarships to do so. ECF No. 207 at 11-12). As a result, by the time this case reached the Second Circuit, the plaintiffs conceded that they could no longer seek an injunction requiring CIAC to change its policy because that claim for relief was mooted once the plaintiffs graduated. *Soule v. Connecticut Ass'n of Sch., Inc.*, 90 F.4th 34, 47 n.3 (2d Cir. 2023) (noting plaintiffs' concession that the request "is now moot").

5. Thus, the operative complaint filed by plaintiffs on remand, ECF No. 201, does not request such an injunction barring Andraya and Terry from competition. *Compare id.* at p. 58 (no request for injunction barring competition) *with* ECF No. 141, Second

Amended Complaint (requesting injunction to bar competition) *and* ECF No. 89, Amended Complaint (same).

6. Rather, the operative complaint seeks only (1) nominal damages against the CIAC and the school boards, and (2) an injunction for the CIAC and the school boards to alter records of the ten specific races at issue, presumably to the extent they exercise control over such records. *See* ECF No. 201 at 58-59 (plaintiffs' request for relief); ECF No. 207 at 10-11 (listing ten races, total, in which plaintiffs collectively alleged their placement was affected by Terry and Andraya's participation).

7. Andraya and Terry have moved on with their lives, and no longer wish to undergo years of draining litigation solely to defend records of ten races they ran in high school. For Andraya and Terry, sports were about more than just records. When they think about their time running track, they think about the friends they made, their camaraderie with teammates, and the social and personal strength they gained by working hard and trying their best. The memorable experiences Andraya and Terry had as members of their high school track teams will live on regardless of what happens in this litigation. Plaintiffs cannot take that away.

8. Accordingly, Andraya and Terry disclaim further interest in the high school track records that are the remaining subject of this lawsuit and request that they be dismissed from the litigation with prejudice. Such a dismissal would bind Andraya and Terry as a matter of issue preclusion from further litigation with the plaintiffs and the remaining defendants regarding any changes made to the athletic records that are the subject of this lawsuit.

9. Courts have liberally allowed intervenors to withdraw where withdrawal would not

interfere with the proceedings. *See, e.g., Morgan v. McDonough*, 726 F.2d 11, 14 (1st Cir. 1984) ("[I]ntervention and withdrawal should be freely granted so long as it does not seriously interfere with the actual hearings.") (internal citation omitted). This is because, where "the posture and parameters of the litigation has changed" – as it has here – it is often appropriate for intervenors to choose to no longer participate. *Gay-Lesbian-Bisexual-Transgender Pride/Twin Cities v. Minneapolis Park & Recreation Bd.*, No. cv-10-2579 JRT JJG, 2011 WL 1300381, at *4 (D. Minn. Apr. 4, 2011).

10. This motion is well-timed not to interfere with the proceedings. The other parties have just completed a 26(f) report and have agreed upon parameters of discovery, which has not yet begun. The CIAC and school districts will defend what remains of this action, and the CHRO will remain as an Intervenor-Defendant as part of its role "to ensure proper enforcement of Connecticut's civil rights and antidiscrimination statutes." ECF No. 43-1 at 7.

11. Accordingly, Andraya and Terry respectfully request that this Court enter an order voluntarily withdrawing them as Intervenor-Defendants in this litigation.

Respectfully submitted,

/s/ Elana Bildner
Elana Bildner (ct30379)
Dan Barrett (ct29816)
Jaclyn Blickley (ct31822)
ACLU Foundation of Connecticut
765 Asylum Avenue
Hartford, CT 06105
(860) 471-8475
ebildner@acluct.org


/s/ Joshua Block
Joshua Block*
Ria Tobacco Mar*
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
jblock@aclu.org

*Counsel for Andraya Yearwood and Terry Miller*