UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Selina Soule et al., | |
| Plaintiffs, | Civil No. 3:20-cv-00201 (RNC) |
| v. | |
| Connecticut Association of Schools, Inc., et al., | June 3, 2025 |
| Defendants. | |

## DISCOVERY AND SCHEDULING ORDER

The Court held a discovery conference on May 27, 2025 to discuss the parties' Joint Discovery Plan (ECF No. 293). Upon consideration of the parties' Joint Discovery Plan and the discussions had during the scheduling conference, the Court enters the following orders.

**A.  CASE SCHEDULE**

For good cause shown, the deadlines set in Section 6 of the operative Scheduling Order (ECF No. 279) are vacated and replaced with the following:

**1.** The plaintiffs shall disclose all affirmative experts by **June 30, 2025.** Depositions of such experts shall be completed by **August 31, 2025.**

**2.** The defendants shall disclose all affirmative/rebuttal experts by **September 30, 2025.** Depositions of such experts shall be completed by **October 31, 2025.**

**3.** The plaintiffs shall disclose all rebuttal experts by **November 25, 2025.** Depositions of such experts shall be completed by **December 31, 2025.**

The deadlines set in other sections of the Scheduling Order remain in force.

B.    **DISCOVERY DISPUTE PROCEDURES**

Effective June 3, 2025, the following procedure shall be followed with respect to any discovery disputes.

1.    **Pre-dispute consultation.** Before contacting Judge Farrish's chambers, counsel for parties to any discovery dispute are required by Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 37(a) to have conferred with one another and to have made a good faith effort to eliminate or reduce the area of controversy. This requires more than an exchange of emails; at a minimum, counsel must meet in person or by telephone to try to resolve their differences before presenting them to Judge Farrish for resolution.

2.    **Initial telephone call to chambers.** If a discovery dispute is not resolved by the foregoing meet-and-confer process, counsel for the involved parties shall jointly call Judge Farrish's law clerk to (a) advise that they have a discovery dispute; and (b) identify with particularity the nature and scope of the dispute. The call must be placed as soon as practicable after the parties reach impasse, but in no event later than thirty days after the due date of the discovery response at issue; failure to place the call within thirty days may constitute a waiver of the right to raise the dispute with the Court. (*See* Sched. Order, ECF No. 279, at 3.) Before placing the call, counsel shall meet and confer in a good faith effort to agree upon a joint statement of the nature and scope of the dispute. The law clerk assigned to this case is Attorney Sage Larue-Zitzkat, who can be reached at 860-240-3605.

3.    **Resolution options.** Based on the agreed statement of the nature and scope of the dispute, Judge Farrish will either (a) schedule an in-person or telephonic conference to resolve the dispute without written submissions, or (b) direct the parties to submit the dispute in writing.

4.  **Briefing.**  If Judge Farrish selects option 3(b), the parties shall docket simultaneous letter briefs not exceeding seven single-spaced pages of 12-point type on a date to be ordered by the Court.  The discovery-seeking party shall attach to its letter brief a copy of the discovery request(s) at issue and the opposing party's written response to that request.  Judge Farrish does not need the entire discovery request and response; he requires only the portions of the discovery request and response at issue.  For example, if the dispute concerns a Rule 30(b)(6) deposition topic, the discovery-seeking party should not attach the entire notice but instead should attach only the contested topic and its adversary's response thereto.

No other exhibits may be attached without leave of Court.  Leave may be sought by attaching an additional page that (a) is headed "Request for Leave to Submit Additional Exhibits;" (b) contains a one-sentence description of the proposed exhibit; (c) contains a short statement of how the proposed exhibit will support the party's position; and (d) states whether the proposed exhibit has been designated "Confidential" or "Confidential – Attorney's Eyes Only" under the Standing Protective Order.  A "Request for Leave to Submit Additional Exhibits" may not exceed one single-spaced page of 12-point type.

The Court may alter or amend these procedures when there is good cause to do so in a particular instance.

So ordered this 3rd day of June, 2025, at Hartford, Connecticut.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge
