UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SELINA SOULE, ET AL. | : |
|     Plaintiffs | : |
| | : CIVIL ACTION NO.: 3:20-cv-00201 (SVN) |
| v. | : |
| | : |
| CONNECTICUT ASSOCIATION OF | : |
| OF SCHOOLS, INC., ET AL. | : |
|     Defendants | : AUGUST 4, 2025 |

### DEFENDANTS' JOINT MOTION TO STAY DISCOVERY AND DISPOSITIVE MOTION DEADLINES UNTIL AFTER THE SUPREME COURT RULES IN *LITTLE V. HECOX* AND *WEST VIRGINIA V. B.P.J.*

On July 3, 2025, the Supreme Court granted certiorari in two cases that address the ability of transgender athletes to compete in high school athletics. The certified question in *Little v. Hecox* ("*Hecox*") is "[w]hether laws that seek to protect women's and girls' sports by limiting participation to women and girls based on sex violate the Equal Protection Clause of the Fourteenth Amendment." The certified questions in *West Virginia v. B.P.J.* ("*BPJ*") are (1) "[w]hether Title IX prevents a state from consistently designating girls' and boys' sports teams based on biological sex determined at birth" and (2) "[w]hether the Equal Protection Clause prevents a state from offering separate boys' and girls' sports teams based on biological sex determined at birth." Counsel for the Plaintiffs in the instant case, Alliance Defending Freedom, is appearing in both *Hecox* and *BPJ*. Defendants Connecticut Association of Schools ("CIAC"), Bloomfield Public Schools Board of Education ("Bloomfield"), Canton Public Schools Board of Education ("Canton"), Cromwell Public Schools Board of Education ("Cromwell"), Danbury Public Schools Board of Education ("Danbury") and Glastonbury Public Schools Board of Education ("Glastonbury") (collectively, the "Defendants") hereby respectfully request that the discovery and dispositive motion deadlines in the current scheduling order (ECF 279) be stayed

in this case, pending the Supreme Court's opinions in *Hecox* and *BPJ*.   At this time, the remaining deadlines in ECF #279 that Defendants seek to stay are the following:

- 08/31/25 – depose plaintiffs' expert witnesses
- 09/30/25 – disclose defendants' expert witnesses on issues where defendants' have the burden of proof
- 10/31/25 – depose defendants' expert witnesses
- 10/31/25 – disclose defendants' expert witnesses on issues where defendants do not have the burden of proof
- 12/31/25 – discovery deadline.
- 02/09/26 – motion for summary judgment deadline

A party may seek a stay of discovery upon a showing of good cause. Fed. R. Civ. P. 26(c). "To determine whether good cause exists, a court should consider several factors, including the breadth of the discovery sought, the burden of responding to it, and the prejudice that would be suffered by the party opposing the stay." *Granite Commc'ns, Inc. v. One Commc'ns Corp.*, No. 3:07-CV-1354 (PCD), 2008 WL 11381494, at *1 (D. Conn. Apr. 24, 2008) (internal citations omitted).

Good cause exists to grant the requested stay because the outcomes of the *Hecox* and *BPJ* cases are likely to moot or significantly narrow the issues in the current case concerning whether Federal law prohibits or requires that transgender females be permitted to participate in interscholastic sports based on their gender identity, rather than the gender they were assigned at birth. In light of the significant guidance expected from the Supreme Court, it would be inefficient and costly to require the five public school districts and the CIAC to continue to expend significant time, resources, and money to complete discovery.

In the present case, the parties have served and responded to written discovery twice already; once when the case was first brought and again this summer, and the parties currently are attempting to resolve any ongoing concerns about written discovery without the court's intervention. The parties are just beginning to take depositions of fact witnesses, which are expected to involve at least a dozen depositions (see Parties' Joint Discovery Plan, ECF #293 at 2).[1] Plaintiffs have also disclosed 2 expert witnesses to date and Defendants are due to depose Plaintiffs' experts by August 31, 2025, and then disclose their own experts on the topics on which they have the burden of proof by September 30, 2025.

Staying the discovery and summary judgment deadlines in this case would therefore save the parties the time and expense of potentially having to do more duplicative discovery (i,.e., both before and after any decisions in *H* identifying, disclosing, and deposing expert witnesses; and the time and expenses associated with filing summary judgment motions. It would also preserve the resources of the Court, particularly with respect to any summary judgment issues that will be resolved by the *Hecox* and *BPJ* rulings while this case is stayed.

Moreover, the stay will not unduly prejudice the Plaintiffs because all of the Plaintiffs have graduated high school and most have graduated college, and Plaintiffs no longer have any claims for prospective relief. Instead, the remedies currently sought by Plaintiffs are largely equitable in nature, seeking declarations that the Defendants violated Title IX in the past and an injunction requiring Defendants to "correct all records where Plaintiffs have placed behind or lost to biologically male athletes." Because the relief sought is retrospective in nature, any short delay caused by a stay will not cause any prejudice to Plaintiffs' current situations. Instead,

---

[1] The Defendants have noticed the depositions of 6 witnesses, and it is anticipated that Plaintiff will be deposing representatives of the 4 school districts, at least 2 witnesses from CIAC, and "a small number of coaches/school officials." (ECF #293 at 2).

3

Defendants submit that the delay will also help Plaintiffs as the Supreme Court's rulings should significantly narrow or even moot the issues in this case. Defendants also note that Plaintiffs are also seeking an award of attorneys' fees and costs, which they have previously estimated to be significant in prior discussions with Defense counsel.  Because the fees and costs in this case are already significant, it would be unfair to both parties to continue with discovery and summary judgment motions while awaiting the results of two cases that may moot this case entirely.

    Counsel for the Defendants have conferred with counsel for Plaintiffs, and Plaintiffs object to this Motion.

    WHEREFORE, for all of the foregoing reasons, Defendants respectfully request that their Motion for Stay be granted until after the Supreme Court rules in the *Hecox* and *B.P.J.* cases.

    DEFENDANTS,

    CROMWELL BOARD OF EDUCATION
    GLASTONBURY BOARD OF EDUCATION
    CANTON BOARD OF EDUCATION

    By   /s/ Elizabeth M. Smith
        Johanna G. Zelman (ct26966)
        Elizabeth M. Smith (ct19808)
        FordHarrison, LLP
        CityPlace II
        185 Asylum Street, Suite 610
        Hartford, CT 06103
        Tel #:  (860) 740-1355
        Fax #:  (860) 578-2075
        Email:  jzelman@fordharrison.com
                  esmith@fordharrison.com

    DEFENDANTS,
    CONNECTICUT ASSOCIATION OF SCHOOLS
    AND DANBURY BOARD OF EDUCATION

    By:   /s/ Peter Joseph Murphy (with permission)
        Linda L. Yoder
        Peter Joseph Murphy
        Shipman & Goodwin LLP

        One Constitution Plaza  
        Hartford, CT 06103  
        T:  860-916-7156  
        T:  860-251-5950  
        T:  860-251-5812  
        Email:  lyoder@goodwin.com  
             pjmurphy@goodwin.com

DEFENDANT,  
BLOOMFIELD BOARD OF EDUCATION

By:   <u>Dennis M. Durao (with permission)</u>  
       Dennis M. Durao, Esq.  
       Kimberly A. Bosse, Esq.  
       Karsten & Tallberg, LLC  
       500 Enterprise Drive, Suite 4B  
       Rocky Hill, CT 06067  
       ddurao@kt-lawfirm.com  
       kbosse@kt-lawfirm.com

**CERTIFICATE OF SERVICE**

This is to certify that on this 4th day of August, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

| | |
|---|---|
| Andrea R. Dill, Esq.<br>Christiana M. Holcomb, Esq.<br>Suzanne Beecher, Esq.<br>Alliance Defending Freedom<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>adill@adflegal.org<br>cholcomb@adflegal.org<br>*Attorneys for Plaintiffs Selina Soule, Chelsea Mitchell and Alana Smith* | Peter Joseph Murphy, Esq.<br>Linda L. Yoder, Esq.<br>Shipman & Goodwin LLP<br>One Constitution Plaza<br>Hartford, CT 06103<br>lyoder@goodwin.com<br>pjmurphy@goodwin.com<br>*Attorneys for Connecticut Association of Schools, Inc. d/b/a CIAC and Danbury BOE* |
| Henry Frampton, Esq.<br>Jonathan A. Scruggs, Esq.<br>Roger G. Brooks, Esq.<br>Alliance Defending Freedom<br>15100 N. 90th Street<br>hframpton@adflegal.org<br>jscruggs@adflegal.org<br>rbrooks@adflegal.org<br>*Attorneys for Plaintiffs Selina Soule, Chelsea Mitchell and Alana Smith* | Gregory A. Jones, Esq.<br>CHRO<br>450 Columbus Boulevard, Suite 2<br>Hartford, CT 06103<br>Gregory.jones@ct.gov<br>*Attorney for Intervenor Defendant CHRO* |
| Dennis M. Durao, Esq.<br>Kimberly A. Bosse, Esq.<br>Karsten & Tallberg, LLC<br>500 Enterprise Drive, Suite 4B<br>Rocky Hill, CT 06067<br>ddurao@kt-lawfirm.com<br>kbosse@kt-lawfirm.com<br>*Attorneys for Defendant Bloomfield Board of Education* | Susan P. Fox, Esq.<br>Susan Patton Fox Law Offices<br>P.O. Box 3483<br>Tequesta, FL 33469<br>susanfoxlaw@aol.com<br>*Attorney for Plaintiffs Selina Soule, Chelsea Mitchell and Alana Smith* |

        /s/ Elizabeth M. Smith
        Elizabeth M. Smith